Helen LI, M.D., Appellant,

v.

The UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON, Herman Eye Center, The University of Texas Medical School at Houston, Houston Eye Associates, Richard S. Ruiz, M.D., and Paul C. Salmonsen, M.D., Appellees.

No. 14–97–00231–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 10, 1998.

Rehearing Overruled Dec. 10, 1998.

Joseph Edward Herbert, Houston, Texas, for appellant.

David S., Morales, Austin, Texas, for appellee.

Panel consists of Justices AMIDEI, FOWLER, and DRAUGHN.*

## OPINION

DRAUGHN, Justice, Assigned.

This is an appeal from summary judgment. In three points of error, appellant, Helen Li, M.D. ("Doctor Li"), contends the trial court erred in granting summary judgment in favor of appellees, The University of Texas Health Science Center and Medical School at Houston ("University of Texas"), Hermann Eye Center, Houston Eye Associates, Richard S. Ruiz, M.D. ("Doctor Ruiz"), and Paul C. Salmonsen, M.D. ("Doctor Salmonsen") and dismissing her breach of contract claim with prejudice. We modify the trial court's order to be a dismissal without prejudice on Doctor Li's breach of contract cause of action, and we affirm the remainder of the judgment as modified.

In September, 1990 to June, 1991, Doctor Li participated in an ophthalmology fellowship in conjunction with Herman Eye Center and the University of Texas Medical School at Houston. The fellowship program was conducted in part, at Herman Eye Center which is located on the seventh floor of Hermann Hospital. All of the doctors at the center are part of Houston Eye Associates, a private professional association of doctors. Doctor Salmonsen, a doctor at Houston Eye Associates, was a faculty member of the Department of Ophthalmology at the University of Texas and Doctor Li's preceptor. The preceptor allows the fellow to work with him through observation and participation in the everyday operation of the preceptor's practice.

After completing the fellowship, Doctor Li received a certificate of completion which did not bear an official University of Texas seal. The Department of Ophthalmology refused to grant a certificate with the seal because Doctor Li had not complied with the 75% mandatory attendance at departmental conferences.

The following year, in April 1992, Doctor Li states she discovered other doctors in the fellowship program had been issued certificates of completions with the University of Texas seal, and she filed suit alleging breach of contract against appellees on October 4, 1993. The University of Texas filed a plea to the jurisdiction alleging it could not be sued under contract unless permission to sue was granted by legislative resolution. The trial court dismissed Doctor Li's breach of contract claim with prejudice.

Doctor Li subsequently filed a third amended petition alleging she was denied procedural due process and deprived of her property right, i.e., the certificate bearing the U.T. seal.[1] Doctor Li further alleged in her fifth amended petition, appellees violated her right to equal protection.[2] In March, 1996, Houston Eye Associates filed a motion for summary judgment asserting Doctor Li's due process claim was barred by a two-year statute of limitations, and that it was a private entity and could not be sued for due process violations unless it was performing a state function. In October, 1996, the remainder of the named defendants filed a motion for summary judgment contending Doctor Li's due process and equal protection causes of actions were barred by the statute of limitations. The trial court granted both motions without stating the grounds it relied upon, and this appeal followed.

The standard for reviewing a motion for summary judgment is well established: 1) the movant must show that no genuine issue

---

* Senior Justice Draughn sitting by assignment.

1. Doctor Li filed this action under 42 U.S.C. § 1983 (1994).

2. Doctor Li filed this action under 42 U.S.C. § 1981 (1994).

of material fact exists and that movant is entitled to summary judgment as a matter of law; 2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and 3) every reasonable inference must be resolved in the nonmovant's favor. *See Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex. 1997) (citing *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985)). Where, as here, the summary judgment order does not specify the grounds upon which summary judgment was granted, we will affirm the judgment if any of the theories advanced in the motion is meritorious. *State Farm Fire & Casualty Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

In two points of error, Doctor Li contends the trial court erred in granting appellees' summary judgment motions because the discovery rule applies, and appellees failed to address her fraudulent concealment claim. Specifically, Doctor Li contends the statute of limitations began to run only after she discovered other doctors who participated in the fellowship program were issued certificates bearing the University of Texas seal without satisfying the mandatory 75% attendance at departmental conferences. Appellees, however, contend the statute of limitations began to run when she was notified by letter on October 9, 1991 that the University was refusing to issue her a certificate bearing the University of Texas seal.

### The Discovery Rule

■ Generally, a cause of action accrues when a wrongful act causes a legal injury, even if the fact of injury is not discovered until later and even if all resulting damages have not yet occurred. *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex.1996). The discovery rule, however, defers accrual of the cause of action until the plaintiff knew, or by exercising reasonable diligence, should have known of the facts giving rise to the cause of action. *See Trinity River Auth. v. URS Consultants,* 889 S.W.2d 259, 262 (Tex.1994); *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex. 1990). Application of the discovery rule involves a two step analysis: The first prong requires us to determine whether the alleged wrongful act and resulting injury were inherently undiscoverable at the time it occurred, and the second is whether evidence of injury is objectively verifiable. *See Computer Assocs. Int'l v. Altai, Inc.,* 918 S.W.2d 453, 456 (Tex.1996). An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence. *Id.* Thus, the discovery rule, in application, proves to be a very limited exception to statutes of limitations, and should be permitted only in circumstances where "it is difficult for the injured party to learn of the negligent act or omission." *See id.*

■ The parties agree that a party must bring a suit for deprivation of property without due process of law no later than two years after the date the cause of action accrues. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). And, the relevant limitation period is two years in Texas for an action brought pursuant to 42 U.S.C. § 1981 and § 1983. *See Helton v. Clements,* 832 F.2d 332, 334 (5th Cir.1987); 42 U.S.C. §§ 1981, 1983 (1994). Both parties, however, disagree on when the cause of action accrued. Therefore, we must decide if the discovery rule deferred accrual of Doctor Li's due process and equal protection causes of actions until April, 1992.

In its motion for summary judgment, appellees attached affidavits from Doctor Salmonsen and Doctor Ruiz, Chairman of the Department of Ophthalmology. The affidavits contended Doctor Li received memoranda warning her of poor attendance in January and April of 1991 during the fellowship. When Doctor Li finished the fellowship in June 1991, Doctor Salmonsen recommended she receive the fellowship certificate and requested it from Doctor Ruiz. Doctor Ruiz subsequently sent a memo to Doctor Salmonsen denying his request. Doctor Salmonsen's affidavit indicates the request for the fellowship completion certificate was made at the behest of Doctor Li. By letter dated October 9, 1991, Doctor Ruiz informed Doctor Li the Department of Ophthalmology would not issue a certificate bearing the U.T.

seal because she did not attend 75% of the departmental conferences.

In her affidavit responding to the summary judgment motion, Dr. Li stated she received Doctor Ruiz's letter on October 11, 1991. Upon receipt of this letter, her deprivation of property claim was objectively verifiable. *See Computer Assocs. Int'l,* 918 S.W.2d at 457. (Facts upon which liability are asserted are "objectively verifiable" when the plaintiff demonstrates direct, physical evidence.) Doctor Li also does not deny this letter was mailed after she and other fellows had requested reconsideration by the Department of Ophthalmology. Doctor Li claims she continued to try and set up a meeting with Doctor Ruiz to discuss why she did not receive the certificate bearing the U.T. seal. She also claims she did not find out that other fellows in the program had received the certificate bearing the U.T. seal until April, 1992. She contends this is when her equal protection and due process causes of actions accrued on this date. We disagree with this contention.

■ The discovery rule tolls the running of the statute of limitations until the plaintiff discovers the injury, or acquires knowledge of facts which, in the exercise of reasonable care and diligence, would lead to the discovery of the wrongful act and resulting injury. *See S.V.,* 933 S.W.2d at 4. Doctor Li was at least put on notice that other doctors may receive the certifications bearing the U.T. seal when the Department of Ophthalmology reconsidered granting the certificates after its denial to all fellows who participated in the fellowship. Even if Doctor Li did not know on October 11, 1991, the day she received Doctor Ruiz's letter, the full extent of her injury it was apparent she was denied her certificate without a hearing and that others may be granted a certificate. On October 11, 1991, Doctor Li also had sufficient information to impose on her the duty to make an inquiry that would have led to the discovery of all her causes of actions. Thus, we find appellees have presented sufficient summary judgment proof that Doctor Li discovered or, through the exercise of reasonable diligence should have discovered, the nature of her injuries by October 11, 1991,

and the statute of limitations began to run on that date.

### *Due Diligence*

■ Dr. Li filed her original petition on October 4, 1993, which was within the applicable two-year statute of limitations, but she attached a letter requesting the clerk not to serve appellees. Service of process was not sought and accomplished until after she filed her amended petition on January 3, 1994. To toll the statute of limitations, a plaintiff must not only file suit within the limitations period, but also must exercise due diligence in procuring the issuance and service of citation. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990). Due diligence is that diligence to procure service which an ordinarily prudent person would have used under the same or similar circumstances. *Gonzalez v. Phoenix Frozen Foods, Inc.,* 884 S.W.2d 587, 590 (Tex.App.—Corpus Christi 1994, no writ). Generally, due diligence is a question of fact, however, if no valid excuse exists for plaintiffs' failure to timely serve notice of process, as here, the issue can be determined as a matter of law. *See Gant,* 786 S.W.2d at 260; *Eichel v. Ullah,* 831 S.W.2d 42, 44 (Tex. App.—El Paso 1992, no writ).

Texas courts have consistently held that due diligence was lacking as a matter of law based on unexplained lapses of time between filing of suit, issuance of citation, and service. *See, e.g., Eichel,* 831 S.W.2d at 44 (two months between filing suit and issuance of citation, and nine months without any activity at all aimed at finding or serving defendant); *Liles v. Phillips,* 677 S.W.2d 802 (Tex.App.— Fort Worth 1984, writ ref'd n.r.e.) (two years and one month between filing and service). In this case, Doctor Li filed her petition in October, 1993 but failed to serve any of the appellees until January 1994, a lapse of four months duration which she has failed to explain. Because of the unexplained lapse between filing and service, we find Doctor Li failed to exercise due diligence and failed to toll the statute of limitations. Consequently, the two-year statute of limitations barred Doctor Li's due process and equal protection claims, and the trial court properly granted

summary judgment in favor of appellees on this ground.

### State Action

■■■■ Additionally, summary judgment would have been proper for Houston Eye Associates, a private professional association of doctors, on the alternative ground raised in its motion, that it did not perform a state function. The due process clause of the Fourteenth Amendment does not apply to private conduct, unless state action can be found. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). Similarly, under 42 U.S.C. § 1981, the defendant must have acted under color of state law. *See Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir.1989). Nothing in the record indicates that the Department of Ophthalmology's decision to deny her a certificate bearing the University of Texas seal can be ascribed to Houston Eye Associates. In fact, Doctor Li admits Doctor Salmonsen, her preceptor, requested the certificate be given, and Doctor Ruiz acting in his capacity as head of the department refused based on Doctor Li's failure to meet the minimum attendance requirement for the fellowship program.

### Fraudulent Concealment

■■■■ Doctor Li also argues summary judgment was improper because appellees failed to address her fraudulent concealment claim. Fraudulent concealment is an equitable doctrine that estops a defendant who concealed his wrongful conduct from asserting the statute of limitations. *See Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex.1983). Under Texas law, in order to rely on this doctrine in avoidance of summary judgment, the burden lies with the plaintiff to raise a fact issue regarding fraudulent concealment. *See American Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex.1994); *Thames v. Dennison*, 821 S.W.2d 380, 384 (Tex.App.—Austin 1991, writ denied). A mere pleading or response to the summary judgment motion does not satisfy this requirement. *See id.* To show that she is entitled to the estoppel effect of fraudulent concealment, a plaintiff must show that 1) the defendant had actual knowledge of the wrong, 2) a duty to disclose the wrong, and 3) a fixed purpose to conceal the wrong. *See Waters ex rel. Walton v. Del–Ky, Inc.*, 844 S.W.2d 250, 256 (Tex. App.—Dallas 1992, no writ). To meet her burden of producing ·sufficient evidence to raise a fact question for each element of this tolling counter-defense, the plaintiff must offer positive, unqualified, competent evidence made on personal knowledge. *See Ryland Group Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex.1996). Doctor Li failed to bring forward evidence of the necessary elements for the fraudulent concealment doctrine in her response to the summary judgement motion or in her ninth amended petition. Consequently, points of error one and two are overruled.

### Breach of Contract

In her third point, Doctor Li contends the trial court erred in dismissing her breach of contract claim with prejudice. The University of Texas filed a plea to the jurisdiction in its answer contending Doctor Li could not sue the state without consent or permission because of sovereign immunity. The trial court agreed and dismissed the breach of contract cause of action with prejudice.

■■■■ Under the doctrine of sovereign immunity, a suit against the University of Texas system and its employees under its authority is a suit against the state. *See generally Herring v. Houston Nat. Exch. Bank*, 113 Tex. 264, 253 S.W. 813 (Tex.1923); *Courtney v. Univ. of Texas Sys.*, 806 S.W.2d 277, 281 (Tex.App.—Fort Worth 1991, writ denied). Consent or permission of the state is therefore necessary to maintain a suit against the state. *See id.* In this case, Doctor Li was granted permission to sue the state on her breach of contract by Senate Concurrent Resolution 3, which was passed by both legislative bodies and signed by the Governor on June 20, 1997. Because the trial court dismissed her cause of action with prejudice, Doctor Li is unable to refile her breach of contract claim. *See Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex.1991) (it is well established that a dismissal with prejudice functions as a final determination on the merits).

Generally, when the trial court learns that it lacks jurisdiction to hear a cause, such as this case, it becomes the duty of the court to dismiss the cause and refrain from rendering a judgment on the merits of the suit. *Attorney General of Texas v. Sailer*, 871 S.W.2d 257, 258 (Tex.App.—Houston [14th Dist.] 1994, writ denied); *Stephanou v. Texas Medical Liab. Ins. Underwriting Ass'n*, 792 S.W.2d 498, 500 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *General Tel. Co. of the Southwest v. City of Point Comfort*, 553 S.W.2d 808, 811 (Tex.Civ. App.—Corpus Christi 1977, no writ); *Southwestern Bell Tel. Co. v. City of Kountze*, 543 S.W.2d 871, 873 (Tex.Civ.App.—Beaumont, 1976, no writ). Therefore, it was improper for the trial court to dismiss with prejudice for want of jurisdiction, and we sustain Doctor Li's third point of error.[3] We modify the trial court's order dismissing her breach of contract case by deleting from it the words "with prejudice" and substitute therefor the words "without prejudice."

As modified, the judgment of the trial court is affirmed.

---

**3.** Ordinarily the statute of limitations does not begin to run until the State gives its consent to be sued. *See Barganier v. Guest,* 246 S.W.2d 901 (Tex.Civ.App.—Waco 1952, writ ref'd).