Opinion Issued May 16, 2002






 


 







In The

Court of Appeals

For The

First District of Texas






NO. 01-00-01135-CV






HELEN LI, M.D., Appellant


V.


THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT
HOUSTON; HERMANN EYE CENTER; HOUSTON EYE ASSOCIATES;
RICHARD S. RUIZ, M.D., IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY; AND PAUL C. SALMONSEN, M.D., IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY, Appellees






On Appeal from the 55th District Court

Harris County, Texas

Trial Court Cause No. 99-31418 






O P I N I O N

 Appellant, Dr. Li, appeals the trial judge's order granting summary judgment
in favor of appellees, The University of Texas Health Science Center at Houston ("the
University"), Houston Eye Associates ("Associates"), Hermann Eye Center ("Eye
Center"), and Doctor Ruiz and Salmonsen (together, "Drs. Ruiz and Salmonsen"), on
her breach of contract claim. We affirm.

Facts and Procedural History

 From September, 1990 to June, 1991 Dr. Li participated in an ophthalmology
fellowship in conjunction with Eye Center and the University. The fellowship
program was conducted in part at Eye Center, a professional association of
ophthalmologists. All of the doctors at Eye Center are part of Associates, a private
professional association of doctors. Doctor Salmonsen, a doctor at Associates, was
a faculty member of the Department of Ophthalmology at the University and Dr. Li's
preceptor. A preceptor allows the fellow to work with him by observing and
participating in the preceptor's practice. 

 After completing the fellowship, Dr. Li received a certificate of completion that
did not bear the official University seal. Dr. Ruiz, the chairman of the University's
Department of Ophthalmology, refused to grant a certificate with the seal because Dr.
Li had not complied with the 75% mandatory attendance at departmental conferences. 
Doctor Li presented summary judgment evidence showing that other doctors in the
fellowship program who, like her, had failed to meet the attendance requirement had
been issued certificates with the University seal. 

 Doctor Li's first lawsuit alleged a breach of contract claim against the
University, Associates, Eye Center, and Drs. Ruiz and Salmonsen. Doctor Li
amended her original petition by adding civil rights claims concerning violations of
due process and by dropping her breach of contract claim against Associates, Eye
Center, and Drs. Ruiz and Salmonsen in their individual capacities. Both Associates
and Eye Center filed summary judgment motions, which were granted. The
University filed a plea to the jurisdiction for itself and on behalf of Drs. Ruiz and
Salmonsen, in their individual and official capacities. The trial judge granted the plea
to the jurisdiction and dismissed Dr. Li's claims with prejudice.

 The Fourteenth Court of Appeals affirmed the judgements for Associates and
Eye Center, and it affirmed the judgment against the University, after modifying the
judgment to a dismissal without prejudice. See Li v. Univ. of Texas Health Sci. Ctr.
at Houston, 984 S.W.2d 647, 652-54 (Tex. App.--Houston [14th Dist.] 1998, no pet.)
("Li I"). The Fourteenth Court of Appeals modified the judgment against the
University because the University had sovereign immunity from suit; therefore, the
trial court lacked subject matter jurisdiction to adjudicate Dr. Li's claims against the
University, and the Fourteenth Court of Appeals modified the judgment to dismiss Dr.
Li's claims versus the University without prejudice. Doctor Li did not appeal The
Fourteenth Court of Appeals's decision, and that decision became final. Instead, Dr.
Li obtained legislative consent to sue the University. The Texas Legislature waived
the State's and the University's sovereign immunity from suit in a resolution that
provided:

 Doctor Li is granted permission to sue the State of Texas
and The University of Texas Medical School at Houston .
. . for the official certificate of completion of the fellowship
program and for no other monetary or other damages . . . .


Tex. S. Con. Res. 3, 75th Leg., R.S., 1997 ("legislative resolution").

 In 1999, Dr. Li filed this lawsuit against Associates, Eye Center, the University,
and Drs. Ruiz and Salmonsen, in their individual and official capacities, asserting the
same facts and a breach of contract claim that she had previously pleaded in Li I. In
the current case, appellees Associates and Eye Center sought summary judgments
based on the affirmative defenses of limitations, res judicata, and collateral estoppel. 
The University and Drs. Ruiz and Salmonsen sought summary judgment based on
limitations, res judicata, official immunity, and in addition, on the ground that Dr. Li
had admitted she had breached the alleged contract. The trial judge granted summary
judgment for all defendants without stating her reasons.

ANALYSIS

 A rule 166a(c) summary judgment for a defendant is proper only when the
defendant negates at least one element of the plaintiff's theory of recovery or pleads
and conclusively establishes each element of an affirmative defense. See Tex. R. Civ.
P. 166a(c); Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997);
Turnage v. JPI Multifamily, Inc., 64 S.W.3d 614, 617 (Tex. App.--Houston [1st Dist]
2001, no pet.). Because the summary judgment order did not specify the grounds
upon which it was granted, we will affirm the judgment if any ground has merit. See
State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993).


 Doctor Li's Claims Against the Private Defendants (1) 


 In all three points of error, Dr. Li contends that the trial judge erred in granting
summary judgment in favor of Associates, Eye Center, and Drs. Ruiz and Salmonsen
in their individual capacities because they did not prove all elements of their
affirmative defense of res judicata as a matter of law.


 Res judicata precludes the re-litigation of claims that have been adjudicated. 
See Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996). In order
to prevail on the affirmative defense of res judicata, Associates, Eye Center, and Drs.
Ruiz and Salmonsen had to show (1) a prior final judgment on the merits by a court
of competent jurisdiction, (2) identity of parties, and (3) a second suit based on the
same facts. See id. 

 The parties and the facts are clearly the same. See Li I, 984 S.W.2d at 650-51. 
As to the first element of res judicata, Dr. Li contends the earlier judgment was not
an adjudication on the merits of the contract claim. Rather, she contends the contract
claim was dismissed on jurisdictional, i.e., sovereign immunity, grounds. We
disagree, in respect to Dr. Li's contract claim against the private, non-governmental
defendants. Those defendants (Associates, Eye Center, and Drs. Ruiz and Salmonsen
in their individual capacities) had no sovereign immunity because none of them is a
sovereign. Therefore, the dismissals with prejudice they won in Li I could only have
been on the merits. This is confirmed both by The Fourteenth Court of Appeals's
opinion and by Dr. Li's brief to that court. Doctor Li's brief complained only of the
trial court's order dismissing the "State Defendants" with prejudice. This error was
harmful, Dr. Li argued and The Fourteenth Court of Appeals agreed, because after the
trial judge's ruling in Li I, Dr. Li had obtained legislative consent to sue the State, but
was prevented from doing so by the "with prejudice" language. Thus, Dr. Li argued
that the trial judge in Li I erred "by dismissing with prejudice (her) contract cause of
action as it pertained to the State Defendants." (Emphasis added.) The Fourteenth
Court of Appeals was obviously referring to the contract claim against only the "State
Defendants" when it modified the language of the dismissal from "with prejudice" to
"without prejudice." Id. at 654. The Li I court discussed the University's plea to the
jurisdiction, which was based solely on sovereign immunity, and it discussed no
doctrine except sovereign immunity. We conclude that the only claims modified and
dismissed without prejudice by The Fourteenth Court of Appeals were the claims
against the "State Defendants" that had been dismissed because of sovereign
immunity from suit.

 Because the private defendants had no sovereign immunity, The Fourteenth
Court of Appeals's modification did not affect the trial judge's rulings in their favor. 
The Fourteenth Court of Appeals affirmed those judgments with prejudice and
without modification. Because they have become final judgments on the merits of the
same dispute, they constitute a bar to re-litigation of that dispute, again, in this case. 
See Amstadt, 919 S.W.2d at 652.

 We overrule that portion of Dr. Li's first point of error, and we overrule her
second and third points of error.

 B. The University and Drs. Ruiz and Salmonsen in Their Official
Capacities (2)


 In the remaining portion of her first point of error, Dr. Li argues that the trial
judge erred by granting summary judgment for the State Defendants. Doctor Li
includes the University and Drs. Ruiz and Salmonsen, in their official capacities, as
State Defendants. We disagree.

 1. Drs. Ruiz and Salmonsen, in Their Official Capacity

 As to the Dr. Li's claim against Drs. Ruiz and Salmonsen in their official
capacities, that cause of action is not barred by res judicata. We construe The
Fourteenth Court of Appeals's ruling as affirming a dismissal without prejudice,
based on sovereign immunity from suit, for all the State Defendants, including Drs.
Ruiz and Salmonsen in their official capacities. Because a dismissal for lack of
jurisdiction is not a ruling on the merits, it cannot constitute a res judicata bar. 
Nevertheless, Dr. Li still cannot sue Drs. Ruiz and Salmonsen in their official
capacities because the legislature did not permit that. Such a claim is barred by
sovereign immunity from suit. Tex. Civ. Prac. & Rem. Code Ann. § 101.025
(Vernon 1997). 


 
 
 The University
 
 


 Doctor Li argues that the University did not show that it was entitled to
judgment as a matter of law on her contract claim. We disagree. 

 Doctor Li contends that a document entitled "Fellowship Certification
Requirements" constituted her contract with the University. Assuming this document
constituted a contract, Dr. Li cannot prevail because she breached it. The document
provided, "Fellows must actively attend and participate in the . . . program . . . . The
fellow is expected to attend a minimum of 75% of all lectures and conferences. . . .
Failure to attend the required number of conferences will likely result in ineligibility
for a certificate from the University." (Emphasis in the original.) Doctor Li admitted
she attended only 42% of the conferences. See Southwell v. Univ. of the Incarnate
Word, 974 S.W.2d 351, 358 (Tex. App.--San Antonio 1998, pet. denied) (a student
who fails to meet degree requirements does not get a degree); Cadle Co. v. Castle,
913 S.W.2d 627, 636 (Tex. App.--Dallas 1995, writ denied) (discussing that a
condition precedent must be satisfied before a right can accrue to enforce an
obligation). 

 Doctor Li's affidavit stated that seven other fellows in the same program at the
same time attended far fewer lectures and conferences than she, but they were still
awarded a sealed certificate. Doctor Li named the seven fellows and stated the
percentage of conferences and lectures each attended, which ranged from a high of
24% to a low of 3%. Her affidavit gave no source for this data, other than to say she
had personal knowledge of such facts, which would have been hard to come by if, as
Li admitted, she had been absent 58% of the time. Assuming this statement is true,
Dr. Li cites no case holding that one who, like her, breaches a contract is entitled to
the remedy of specific performance. 

 Nor is Dr. Li entitled to money damages for breach of contract. She contends
the legislative resolution allows money damages because if the legislature intended
to bar all damages, the resolution would not have said, ". . . Dr. Li is granted
permission to sue . . . for no other monetary damages or other damages . . . ." 
(Emphasis added.) Instead, Dr. Li contends the legislature would have said, "Doctor
Li is granted permission to sue for no monetary or other damages." Even if that was
the legislature's intention, it did not express it clearly. We will not lightly infer such
a waiver of immunity from liability. Such a waiver must be explicit, not implied, and
in this case, it is not explicit. Tex. Civ. Prac. & Rem. Code Ann. § 101.025; Sparks
v. Texas So. Univ., 824 S.W.2d 828, 830 (Tex. App.--Houston [1st Dist.] 1992, no
writ). 


 We overrule the remaining portions of Dr. Li's first point of error.

 We affirm the judgment. 


 Murry B. Cohen

 Justice


Panel consists of Justices Cohen, Nuchia, and Price. (3) 

Do not publish. Tex. R. App. P. 47.







 
1. In all three points of error, Dr. Li complains that the trial judge erred in
granting a motion for summary judgment on her causes of action for breach of
contract and tortious interference with a contract. However, after a review of the
appellate record, the lone amended petition in the record contains only a breach of
contract cause of action. Thus, we cannot consider Dr. Li's tortious interference
claim. See Guajardo v. Conwell, 46 S.W.3d 862, 864 (Tex. 2001).
2. For this portion of the opinion, "the State Defendants" will encompass the
University of Texas at Houston Medical School, as well as Drs. Ruiz and Salmonsen
when referred to collectively. Because the doctors were sued in their official
capacity, the suit against them is a suit against the State of Texas. See Scott v.
Britton, 16 S.W.3d 173, 180 (Tex. App.--Houston [1st Dist.] 2000, no pet.).
3. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.