Opinion issued December 12, 2002







 














In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00025-CV
____________
 
GENE THAYER, Appellant
 
V.
 
HOUSTON MUNICIPAL EMPLOYEES PENSION SYSTEM AND THE
BOARD OF TRUSTEES OF THE HOUSTON MUNICIPAL
EMPLOYEES PENSION SYSTEM, Appellees
 

 
 
On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 01-09543
 

 
 
O P I N I O N
          Appellant, Gene Thayer, challenges the trial court’s order dismissing, for want
of jurisdiction, his claims against appellees, the Houston Municipal Employees
Pension System (“the Pension System”) and the Board of Trustees of the Houston
Municipal Employees Pension System (“the Board”).
          In four points of error, appellant argues that the trial court erred in dismissing
his claims because: (1) the facts, as alleged, supported “at least one” of appellant’s
causes of action, (2) the Pension System and its Board are not entities protected by
governmental immunity from suit, (3) the Pension System and its Board are governed
by the Texas Trust Act and may be sued for breach of a fiduciary duty, and (4)
appellant presented a valid declaratory judgment action. We affirm.
Facts and Procedural Background



          Appellant is a former employee of the City of Houston’s solid waste disposal
division. After sustaining a back injury in 1988, appellant applied and was approved
for a disability retirement benefit of $525.31 per month from the Pension System. As
a condition to his continued receipt of such disability payments, appellant was
required to submit an annual report of his employment activities and earnings.
          In 1995, appellant obtained part-time employment as a school bus driver. 
Appellant concedes that, from 1995 to 1998, he submitted sworn affidavits to the
Pension System that did not report the income from this employment. On October 2,
1998, the Pension System notified appellant that his disability benefits were being
terminated because his federal income tax returns “failed to substantiate” the amount
of earned income reported to the Pension System.
          Appellant subsequently sued the Pension System and its Board. In his first
amended petition, appellant alleged causes of action for breach of contract, tortious
interference with a contract, unjust enrichment, “detrimental reliance,” breach of the
covenant of good faith and fair dealing, breach of fiduciary duty, and violations of the
Texas Trust Code, and he also requested that the trial court create a constructive trust
of the amount of disability benefits withheld from him. Appellant also sought a
temporary injunction against the Pension System requiring it to disburse monthly
disability and medical benefits to him.


 In addition, appellant sought a declaratory
judgment “of the legal rights of each party involved in this litigation.”
          The Pension System and the Board answered appellant’s suit, pleaded the
affirmative defense of governmental immunity from suit, and filed a motion to
dismiss appellant’s claims for want of jurisdiction. The trial court subsequently
granted the motion and dismissed all of appellant’s claims.
Jurisdiction
          In his first and second points of error, appellant argues that the trial court erred
in granting the plea to the jurisdiction because the facts supported “at least one” of
his causes of action and because the Pension System and its Board are not protected
by governmental immunity from suit.
Tort Claims
          As a general rule, governmental entities are immune from tort liability based
on the doctrine of governmental immunity. Travis v. City of Mesquite, 830 S.W.2d
94, 104 (Tex. 1992); Taub v. Harris County Flood Control Dist., 76 S.W.3d 406, 409
(Tex. App.—Houston [1st Dist.] 2002, no pet.). Under the doctrine of governmental
immunity, a unit of government may not be sued without its consent. Scott v. Prairie
View A & M Univ., 7 S.W.3d 717, 719 (Tex. App.—Houston [1st Dist.] 1999, pet.
denied).
          The Pension System and its Board are state-created governmental entities and
are generally immune from tort liability, except to the extent that the legislature has
specifically waived that immunity. Tex. Rev. Civ. Stat. Ann. art. 6243h, §§
1(1)(16), (18) (Vernon Supp. 2002); Tex. Civ. Prac. & Rem. Code Ann. §
101.001(3)(D) (Vernon Supp. 2002); see also TRST Corpus, Inc. v. Fin. Ctr., Inc., 9
S.W.3d 316, 320-21 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (holding
Teacher Retirement System of Texas was state-created agency entitled to
governmental immunity from suit); Herschbach v. City of Corpus Christi, 883
S.W.2d 720, 728-29 (Tex. App.—Corpus Christi 1994, writ denied) (holding
Firemen’s Relief and Retirement Fund Board state-created agency entitled to
governmental immunity from suit).
          Subject matter jurisdiction is a question of law and cannot be waived. Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993); Taub, 76
S.W.3d at 409. In the absence of a waiver of governmental immunity, a court has no
subject matter jurisdiction to entertain a suit against a governmental unit. Tex. Dep’t
of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). When a trial court learns that it
lacks jurisdiction to hear a cause, the court must dismiss the cause and refrain from
rendering a judgment on the merits. Li v. Univ. of Tex. Health Sci. Ctr., 984 S.W.2d
647, 654 (Tex. App.—Houston [14th Dist.] 1998, writ denied).
          A governmental entity may contest a trial court’s authority to determine the
subject matter of the cause of action by filing a plea to the jurisdiction. Reyes v. City
of Houston, 4 S.W.3d 459, 461 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). 
When reviewing a trial court’s decision on a plea to the jurisdiction, we consider the
facts alleged by the plaintiff and, to the extent relevant to the jurisdictional issues, any
evidence submitted by the parties. Tex. Natural Res. Conservation Comm’n v. White,
46 S.W.3d 864, 868 (Tex. 2001).
          Here, appellant argues, without supporting authority, that the Pension System
and its Board are not state-created governmental entities but are municipal entities
entitled only to “the limited immunity afforded municipalities.” We disagree. The
legislation creating the municipal pension systems for cities with a population the size
of Houston’s plainly did not enable the Pension System or its Board to carry out any
municipal functions or provide any municipal services. See Tex. Rev. Civ. Stat.
Ann. art. 6243h, §§ 1–28 (Vernon Supp. 2002). Therefore, we hold the Pension
System and its Board are, as enacted, state-created entities generally entitled to
governmental immunity. Because there is no waiver of immunity in the legislation
creating the Pension System and its Board, we hold the trial court did not err in
dismissing appellant’s tort claims.
Due Process Claim
          In his brief, appellant argues that he possessed a “vested property right” in his
former disability benefits, which the Pension System and its Board were prohibited
from depriving him of without due process. However, in his first amended petition
filed with the trial court, appellant did not present a due process claim. Thus, any
such claim is waived. Tex. R. App. P. 33.1; Cont’l Cas. Ins. Corp. v. Functional
Restoration Assocs., 19 S.W.3d 393, 397 (Tex. 2000).
Breach of Contract Claim
          Moreover, with regard to appellant’s breach of contract claim, governmental
immunity also protects governmental entities from lawsuits for money damages
unless the legislature expressly consents to the suit. Gen. Servs. Comm’n v. Little-Tex
Insulation Co., 39 S.W.3d 591, 593 (Tex. 2001). When a governmental unit contracts
with a private citizen, it generally retains immunity from suit even though it waives
immunity from liability. Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 408 (Tex. 1997). 
Generally, a party seeking redress against a governmental entity for breach of contract
must establish legislative consent to sue by bringing suit under a special statute or
obtaining a legislative resolution. Little-Tex, 39 S.W.3d at 596; see Tex. Civ. Prac.
& Rem. Code Ann. § 107.002 (Vernon 1997).
          The record does not indicate, and appellant has not alleged, that he obtained
legislative consent to sue the Pension System or the Board for his breach of contract
claim. Nor has he brought his cause of action under a special statutory provision
waiving immunity from suit. Accordingly, we hold the trial court did not err in
dismissing appellant’s breach of contract claim for want of jurisdiction.
We overrule appellant’s first and second points of error.
Trust Code Claims
          In his third point of error, appellant argues that the Pension System and its
Board are subject to suit for violations of the Texas Trust Code.



          With regard to appellant’s causes of action against the Pension System and its
Board for breach of fiduciary duty and other alleged violations of the Trust Code, we
note that legislative consent to suit, whether expressed by statute or otherwise, must
be “by clear and unambiguous language.” Univ. of Tex. Med. Branch v. York, 871
S.W.2d 175, 177 (Tex. 1994); see, e.g., Tex. Civ. Prac. & Rem. Code Ann. §
101.025(a) (Vernon 1997) (“Sovereign immunity to suit is waived and abolished to
the extent of liability created by this chapter.”).
          There is no provision in the Trust Code waiving immunity from suit for
governmental entities such as the Pension System or the Board. Therefore, we hold
the trial court did not err in dismissing appellant’s claims for breach of fiduciary duty
and other violations of the Trust Code.
          We overrule point of error three.
Declaratory Judgment
          In his fourth point of error, appellant argues the trial court erred in dismissing
his claim for a declaratory judgment of “of the legal rights of each party involved in
this litigation.”
          The Texas Supreme Court has consistently held that private parties may not
circumvent a governmental entity’s immunity from suit by characterizing a suit for
money damages as a declaratory judgment claim. Tex. Natural Res. Conservation
Comm’n v. IT-Davy, 74 S.W.3d 849, 856 (Tex. 2002) (citing W.D. Haden Co. v.
Dodgen, 308 S.W.2d 838, 840 (Tex. 1958)). Here, appellant sought to have the trial
court “declare” that the Pension System and its Board wrongfully deprived him of his
disability benefits, essentially re-characterizing his claim for money damages as a
declaratory judgment action. Accordingly, we hold the trial court did not err in
dismissing appellant’s claim for a declaratory judgment.
          We overrule point of error four.
Conclusion
          We affirm the judgment of the trial court.
 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Radack.

Publish. Tex. R. App. P. 47.