Opinion issued May 22, 2003





















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00294-CV
____________
 
GLENN B. FREEDMAN, Appellant
 
V.
 
THE UNIVERSITY OF HOUSTON, Appellee
 

 
 
On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 01-14364
 

 
 
 
* * * * *
 
____________
 
NO. 01-02-00469-CV
____________
 
GLENN A. GOERKE, Appellant
 
V.
 
THE UNIVERSITY OF HOUSTON, Appellee
 

 
 
On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 01-14878
 

 

O P I N I O N
          In these interlocutory appeals, appellants, Glenn B. Freedman and Glenn A.
Goerke, challenge the decisions of the trial courts in their respective cases to grant
pleas to the jurisdiction filed by appellee, the University of Houston (“UH”). Because
these appeals raise common issues, we consider them together.



          In five issues, appellants argue that the trial courts erred in granting UH’s pleas
to the jurisdiction in light of (1) section 111.33 of the Texas Education Code,


 (2) the
“open courts” provision of the Texas Constitution,


 (3) the equitable nature of the
relief sought by appellants, (4) the Texas Constitution’s prohibition against
uncompensated “takings,”


 and (5) the fact that, at most, UH is entitled to an
abatement of the proceedings while appellants seek legislative permission to sue.
          We affirm.
Facts and Procedural Background
          On July 25, 1995, UH’s board of regents approved Goerke, a tenured faculty
member of UH, to serve as interim president of UH for a term to begin August 1,
1995 and continue for two years, or until the board appointed a permanent president. 
Freedman, also a tenured faculty member of UH, was appointed to serve a similar
term as Executive Associate Vice President of UH. Each appellant entered into a
written contract of employment with UH concerning their new positions.
          After a dispute arose between appellants and UH concerning the terms of their
respective contracts, appellants filed separate lawsuits against UH. In each case,
appellants asserted claims against UH for breach of contract and for intentional
“taking” of personal property. Each appellant also sought a declaratory judgment
concerning the terms of their respective contracts, as well as recovery of their
attorney’s fees. UH answered the lawsuits, pleaded the affirmative defense of
sovereign immunity, and filed pleas to the jurisdiction seeking dismissal of
appellants’ claims. The trial courts subsequently granted the pleas.
Sovereign Immunity
          As a general rule, the State of Texas and its government units


 are immune
from suits for money damages unless the legislature has expressly consented to the
suit. Gen. Servs. Comm’n v. Little-Tex Insulation Co., 39 S.W.3d 591, 593 (Tex.
2001). When a governmental unit contracts with a private citizen, it generally retains
immunity from suit even though it waives immunity from liability. Fed. Sign v. Tex.
S. Univ., 951 S.W.2d 401, 408 (Tex. 1997). Generally, a party seeking redress
against a governmental unit for breach of contract must establish legislative consent
to sue by bringing suit under a special statute or obtaining a legislative resolution. 
Little-Tex, 39 S.W.3d at 596; see Tex. Civ. Prac. & Rem. Code Ann. § 107.002
(Vernon 1997).
          In the absence of a waiver of governmental immunity, a court has no subject
matter jurisdiction to entertain a suit against a governmental unit. Tex. Dep’t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). When a trial court learns that it
lacks jurisdiction to hear a cause, the court must dismiss the cause and refrain from
rendering a judgment on the merits. Li v. Univ. of Tex. Health Sci. Ctr., 984 S.W.2d
647, 654 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).
          A governmental unit may contest a trial court’s authority to determine the
subject matter of the cause of action by filing a plea to the jurisdiction. Reyes v. City
of Houston, 4 S.W.3d 459, 461 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). 
An appeal may be taken from an interlocutory order that grants a plea to the
jurisdiction filed by a governmental unit. Tex. Civ. Prac. & Rem Code Ann. §
51.014(a)(8) (Vernon Supp. 2003). When reviewing a trial court’s ruling on a plea
to the jurisdiction, we consider the facts alleged by the plaintiff and, to the extent
relevant to the jurisdictional issues, any evidence submitted by the parties. Tex.
Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001).
Breach of Contract Claims
          In their first and second issues, appellants contend that the trial courts erred in
granting UH’s pleas to the jurisdiction because UH is not immune from suit for
breach of contract.
          Sovereign immunity embraces two principles: immunity from suit and
immunity from liability. Federal Sign, 951 S.W.2d at 405. When the State or a
governmental unit contracts with private citizens, it waives only immunity from
liability; a private citizen must still obtain legislative consent to sue for breach of
contract. Id. at 408.
          Appellants argue that, in the Education Code, the legislature has expressly
consented to suits against UH, and that interpreting the Education Code as precluding
their suits would violate the “open courts” provision of the Texas Constitution.


 
Appellants rely on the language of section 111.33 of the Education Code as granting
express legislative consent to sue UH. That section provides as follows:
The board [of regents] has the power to sue and be sued in the name of
the University of Houston. Venue shall be in either Harris County or
Travis County. The University shall be impleaded by service of citation
on the president or any of its vice presidents. Nothing in this section
shall be construed as granting legislative consent for suits against the
board, the University of Houston System, or its component institutions
and entities except as authorized by law.

Tex. Educ. Code Ann. § 111.33 (Vernon 2002) (emphasis added).
          As noted by the parties, this Court has previously held that the “sue and be
sued” language of section 111.33 provided express consent to suits for breach of
contract against UH. Fazekas v. Univ. of Houston, 565 S.W.2d 299, 302 (Tex. Civ.
App.—Houston [1st Dist.] 1978, writ ref’d n.r.e.). However, subsequent to our
opinion in Fazekas, the legislature amended section 111.33 to add its current final
sentence.



          Contrary to appellants’ allegations, the effect of this additional language is not
to render the first sentence of section 111.33 meaningless. The first sentence clarifies
the capacity in which UH’s board of regents has the authority to litigate, while the
final sentence of section 111.33 permits suits against UH “as authorized by law.” 
Therefore, under the terms of section 111.33, as amended, appellants can maintain
their suits against UH for breach of contract, but must first obtain legislative consent
to do so. See Tex. Civ. Prac. & Rem. Code Ann. § 107.002.
          Appellants argue that, if the legal effect of the 1985 amendment to section
111.33 is to remove the statute’s prior express consent to sue, section 111.33 as
currently enacted violates the Texas Constitution’s “open courts” provision. The
Texas Constitution provides that “[a]ll courts shall be open, and every person for an
injury done him, in his lands, goods, person or reputation shall have a remedy by due
course of law.” Tex. Const. art. I, § 13. This provision has been held to apply to
prohibit statutory restrictions of cognizable common law causes of action. Federal
Sign, 951 S.W.2d at 410.
          Here, section 111.33 does not foreclose appellants’ lawsuit or leave them
without a remedy, it merely requires that appellants obtain legislative consent to suit
before initiating litigation. See Tex. Civ. Prac. & Rem. Code Ann. § 107.002. 
Thus, section 111.33 does not violate the “open courts” provision of the Texas
Constitution. Moreover, as the Texas Supreme Court has indicated, merely
“upholding established sovereign immunity law” does not violate the “open courts”
provision. See Federal Sign, 951 S.W.2d at 410.
          We overrule appellants’ first and second issues.
Declaratory Judgment Claims
          In their third issue, appellants argue that the trial court erred in granting UH’s
pleas to the jurisdiction because appellants did not need to obtain legislative consent
to assert their declaratory judgment claims.
          A party can maintain a suit against a governmental unit to obtain an equitable
remedy or determine its legal rights without legislative permission. Id. at 404. 
However, the Texas Supreme Court has consistently held that private parties may not
circumvent a governmental unit’s immunity from suit by characterizing a suit for
money damages as a declaratory judgment claim. Tex. Natural Res. Conservation
Comm’n v. IT-Davy, 74 S.W.3d 849, 856 (Tex. 2002) (citing W.D. Haden Co. v.
Dodgen, 308 S.W.2d 838, 840 (Tex. 1958)).
          Here, appellants sought a declaratory judgment concerning their rights under
their contracts with UH. As the Texas Supreme Court has held, appellants may not
recast their contractual claims against UH as equitable claims to avoid the
requirement of legislative consent to suit. Tex. Nat. Res. Conservation Comm’n, 74
S.W.3d at 856.
          We overrule appellants’ third issue.
“Takings” Claims
          In their fourth issue, appellants argue that the trial court erred in granting UH’s
pleas to the jurisdiction on their claims that UH’s breach of contract constituted an
uncompensated “taking” of their personal property.
          The Texas Constitution prohibits the State or its governmental units from
taking personal property without compensating the owner for the property taken. 
Tex. Const. art. I, § 17. Sovereign immunity does not shield the State or its
governmental units from claims for compensation under the “takings” clause. 
Little-Tex, 39 S.W.3d 598. However, when the State enters into a contract, it lacks
the intent to take property under its eminent domain powers and thus does not commit
a “taking.” Id. at 599. Here, by entering into a contract with appellants, UH has not
committed a “taking” of appellants’ personal property.
          We overrule appellants’ fourth issue.
Abatement
          In their fifth issue, appellants argue that the trial court should not have granted
UH’s pleas to the jurisdiction, but should have abated the proceedings so that
appellants could seek and obtain legislative consent to sue UH pursuant to section
107 of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann.
§ 107.002. Appellants argue that they should not be “prejudiced or penalized”
because of “the unsettled nature of the law” in the area of sovereign immunity, and
that, without an abatement, their claims against UH could be in danger of being
barred by limitations by the time they obtain the required legislative consent to sue.
          Generally, as noted above, when a trial court learns that it lacks jurisdiction to
hear a cause, the court has little discretion but to immediately dismiss the cause. Li,
984 S.W.2d at 654. Thus, a trial court may not abate a suit to await developments in
the positions or claims of the parties that may trigger its jurisdiction; jurisdiction must
be present at the outset of the litigation. Id.
          We overrule appellants’ fifth issue.
Conclusion
          We affirm the judgments of the trial courts.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.