# Court of Appeals
## Tenth Appellate District of Texas

10-23-00376-CV

Tianikwa Haywood,
Appellant

v.

No Bull Investments, LLC,
Appellee

On appeal from the
County Court at Law No. 1 of Ellis County, Texas
Judge James S. Chapman, presiding
Trial Court Cause No. 23-C-3967

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

In this forcible-detainer action, Tianikwa Haywood, acting *pro se*, appeals from a final judgment granting No Bull Investments, LLC (No Bull) possession of the premises at 3222 Burgundy Lane, Midlothian, Texas 76065.[1]

We will affirm.

---

[1] The appellant's brief, for the first time, adds Paul Douglas Celestine as an additional appellant. The appellant's reply brief also includes Celestine as an appellant. But Celestine is identified in the appellant's reply brief as a "Chief Maritime Judge" from Houston, Texas—not an occupant of the subject property. Furthermore, Celestine was not a party to the suit in the lower

On or about September 14, 2018, Haywood purchased the real property commonly known as 3222 Burgundy Lane, Midlothian, Texas 76065. As part of that transaction, Haywood granted a deed of trust in favor of her mortgagee DHI Mortgage Company, Ltd. Several years later, after her loan was purportedly sold to PennyMac Loan Services, LLC, Haywood allegedly defaulted on her mortgage, and her new mortgagee instituted nonjudicial foreclosure proceedings. On September 6, 2022, No Bull purchased the subject property at a foreclosure sale.

The following day, No Bull sent Haywood written notice to vacate the property within thirty days. *Haywood v. No Bull Invs., LLC*, No. 13-22-00609-CV, 2023 WL 4940543, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 3, 2023, no pet.) (mem. op.). No Bull then filed a forcible-detainer action against Haywood in the local justice court on October 7, 2022. *Id.* A bench trial was held on October 24, 2022. *Id.* at *2. That same day, the justice court granted No Bull a judgment of possession. *Id.* Haywood then perfected an appeal to the county court at law. *Id.* A bench trial was conducted in the county court on November 30, 2022. *Id.* The county court entered a judgment of possession for No Bull. *Id.*

---

courts, and Haywood is the only party who has filed a notice of appeal. Therefore, it appears that Celestine has been added as an additional appellant in error. *See* TEX. R. APP. P. 3.1(a) ("*Appellant* means a party taking an appeal to an appellate court."). Accordingly, we consider Haywood to be the sole appellant in this appeal. *See id.*

Haywood subsequently perfected an appeal to this Court, and the appeal was transferred to the Thirteenth Court of Appeals pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001. Thereafter, the Thirteenth Court, without reaching the merits of the appeal, set aside the judgment of possession for No Bull and dismissed the case for want of jurisdiction. *Haywood*, 2023 WL 4940543, at *4.

The Thirteenth Court explained the applicable law as follows: "The sole focus of a forcible-detainer action is the right to immediate possession of real property." *Id.* at *3 (quoting *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017)). But neither the justice court, nor a county court on appeal, has jurisdiction to determine issues of title to real property in a forcible-detainer action. *Id.* (citing TEX. GOV'T CODE ANN. § 27.031(b) and *Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied)). Therefore, "when a forcible detainer action presents a genuine issue of title so intertwined with the issue of possession that a trial court would be required to determine title before awarding possession, . . . a justice court lacks jurisdiction to resolve the matter." *Id.* (quoting *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.)). "[O]ne indication that a justice court (and county court on appeal) is called on to adjudicate title to real estate in a forcible detainer case—and, thus, exceed its jurisdiction—is when a landlord tenant relationship is lacking." *Id.*

(quoting *Aguilar v. Weber*, 72 S.W.3d 729, 733 (Tex. App.—Waco 2002, no pet.)). Accordingly,

> [t]o establish a superior right to immediate possession, No Bull had the burden to prove (1) No Bull owns the property, (2) Haywood is a tenant at sufferance, (3) No Bull gave proper notice to Haywood to vacate the premises, and (4) Haywood refused to vacate the premises. *See* [*Shields Ltd. P'ship*, 526 S.W.3d at 478.]

*Haywood*, 2023 WL 4940543, at *3.

The Thirteenth Court then determined that No Bull "failed to demonstrate that Haywood became a tenant at sufferance upon her alleged default." *Id.* at *4. The Thirteenth Court reasoned that although the evidence No Bull produced referred to a publicly available deed of trust, the deed was never produced and that, "[w]ithout it, the justice court was left to speculate about the contents of the deed and whether it created an independent right to possession upon Haywood's alleged default." *Id.* The Thirteenth Court therefore concluded that the justice court (and county court on appeal) was required to determine title before awarding possession and thus lacked jurisdiction to consider the case. *See id.* at *3–4. Accordingly, as stated above, the Thirteenth Court, without reaching the merits of the appeal, set aside the judgment of possession for No Bull and dismissed the case for want of jurisdiction. *Id.* at *4.

The Thirteenth Court issued its opinion and judgment on August 3, 2023. On September 1, 2023, No Bull sent Haywood another written notice to vacate

the subject property within ten days. The notice was sent by certified mail, return receipt requested, and regular mail. On September 22, 2023, No Bull then filed a second forcible-detainer action against Haywood, *i.e.*, the lawsuit underlying this appeal, in the justice court.

In response to the second forcible-detainer action, Haywood filed a combined "[m]otion to dismiss for lack of jurisdiction; motion to dismiss claims are res[] judicata; [and] motion for summary judgment," in which she argued that No Bull's claims were barred as a matter of law by res judicata. The justice court did not rule on the motions and, on October 10, 2023, granted No Bull a judgment of possession. Haywood subsequently perfected an appeal to the county court at law.

A bench trial was conducted in the county court on November 14, 2023. No Bull first called Pamela Scott as a witness. Scott testified that she purchased the subject property at the foreclosure sale for No Bull. No Bull then moved to admit a certified copy of the foreclosure sale deed showing No Bull to be the purchaser of the property at the foreclosure sale. Haywood stated that she had no objection to the document, and the county court admitted the document into evidence. Scott thereafter confirmed that the document was the deed that was recorded, conveying the subject property to No Bull, after she purchased the property at the foreclosure sale.

No Bull then moved to admit a certified copy of the deed of trust executed by Haywood in favor of her original mortgagee DHI Mortgage Company, Ltd. Haywood stated that she had no objection to the document, and the county court admitted the document into evidence. Scott thereafter confirmed that the previously admitted foreclosure sale deed referenced the recording information of the deed of trust executed by Haywood. Scott testified that the deed of trust executed by Haywood was therefore purportedly the deed of trust that was foreclosed upon at the foreclosure sale. Section 24 of the deed of trust executed by Haywood provided in pertinent part:

> **If the Property is sold pursuant to this Section 24, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.**

Scott then acknowledged that this suit was the second forcible-detainer action that No Bull had brought against Haywood. Scott testified that Haywood had thus been given plenty of notice and opportunity to leave but that No Bull had heard nothing from her. Scott testified that there had been at least two, and maybe three, notices to vacate that had been sent to Haywood. No Bull moved to admit a copy of the latest notice to vacate that had been sent to Haywood on September 1, 2023. Haywood stated that she had no objection to the document, and the court admitted the document into evidence.

No Bull also called Haywood as a witness. Haywood acknowledged that she had signed the deed of trust that was admitted into evidence. Haywood further acknowledged that she or someone at her house had received all the notices to vacate. Haywood explained, however, that she is the rightful owner of the house. Haywood testified: "I have paid for that house outright in full when I signed on that dotted line. And that was pay taken out of the money out of my trust which is at the U.S. Treasury so it has been paid in full." Haywood later stated: "[M]y signature paid for that house outright when I signed in 2018."

During closing arguments, Haywood again argued that No Bull's claims were barred by res judicata. The county court, however, entered a judgment of possession for No Bull. This appeal ensued.

Haywood appears to raise eight issues, in which she primarily contends that No Bull's second forcible-detainer action was barred by res judicata.

> The doctrine of res judicata, also known as claim preclusion, bars lawsuits that arise out of the same subject matter as a prior suit when, with the use of diligence, that subject matter could have been litigated in the prior suit. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) (explaining the transactional approach to res judicata); *Barr v. Resol*[.] *Tr. Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). The doctrine is necessary to "bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Daccach*, 217 S.W.3d at 449. . . . The elements of res judicata are: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised

or could have been raised in the first action." [*Id.*] (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

*Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705–06 (Tex. 2021). The party asserting the defense of res judicata has the burden of proving each element of the defense. *Id.* at 706 (citing TEX. R. CIV. P. 94 and *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010)).

No Bull argues that the first element required of the res judicata defense, *i.e.*, that there be a prior final judgment on the merits by a court of competent jurisdiction, was not satisfied here because the Thirteenth Court, without reaching the merits of the appeal, set aside the judgment of possession for No Bull in the first forcible-detainer action and dismissed the case for want of jurisdiction. We agree.

Without subject-matter jurisdiction, a court is powerless to render judgment on the merits of a lawsuit. *Ab–Tex Beverage Corp. v. Angelo State Univ.*, 96 S.W.3d 683, 686 (Tex. App.—Austin 2003, no pet.) (citing *Black v. Jackson*, 82 S.W.3d 44, 56 (Tex. App.—Tyler 2002, no pet.), and *Li v. Univ. of Tex. Health Sci. Ctr. at Hous.*, 984 S.W.2d 647, 654 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)). Therefore, an order that dismisses a lawsuit for want of subject-matter jurisdiction is not res judicata of the merits of that lawsuit and does not bar the plaintiff from bringing the same cause again once the impediment to jurisdiction has been removed. *Id.*; *see Engelman Irrigation*

*Dist. v. Shields Bros.*, 514 S.W.3d 746, 750 (Tex. 2017) ("Under Texas law, res judicata does not apply when the first tribunal lacked subject-matter jurisdiction.").

As detailed above, in the appeal regarding No Bull's first forcible-detainer action against Haywood, the Thirteenth Court, without reaching the merits of the appeal, set aside the judgment of possession for No Bull and dismissed the case for want of subject-matter jurisdiction. *Haywood*, 2023 WL 4940543, at *4. Thus, there was no final judgment on the merits in the first forcible-detainer action. *See Engelman Irrigation Dist.*, 514 S.W.3d at 750; *Ab–Tex Beverage Corp.*, 96 S.W.3d at 686. Accordingly, the first element required of a res judicata defense, *i.e.*, that there be a prior final judgment on the merits by a court of competent jurisdiction, was not met. *See Eagle Oil & Gas Co.*, 619 S.W.3d at 705–06. Consequently, No Bull's second forcible-detainer action against Haywood was not barred by res judicata.

Additionally, in her appellate issues, Haywood conclusorily argues that No Bull's filing of a second forcible-detainer action against her violated several statutory and constitutional provisions. But Haywood's bare assertions provide no explanation for how the authorities to which she refers apply in this case. Accordingly, these arguments by Haywood are inadequately briefed and waived on appeal. *See Martinez v. El Paso Cnty.*, 218 S.W.3d 841, 844–45 (Tex. App.—El Paso 2007, pet. struck); *see also* TEX. R. APP. P. 38.1.

In her appellate issues, Haywood further appears to contend that maritime law should have applied in this case because "every state and federal court are under postal Union, thus every court is under the maritime Authority." In her reply brief, Haywood also refers to her house as a "vessel." But Haywood cites no authority to support this argument, and No Bull's lawsuit against Haywood was only a forcible-detainer action regarding possession of real property. No Bull's action was therefore governed by Chapter 24 of the Property Code. *See* TEX. PROP. CODE ANN. § 24.002.

Finally, in her reply brief, Haywood asserts that No Bull "is attempting to steal" the subject property without standing or a contract. "An issue raised for the first time in a reply brief is ordinarily waived and need not be considered by this Court," *White v. Lozano*, 719 S.W.3d 407, 420 n.7 (Tex. App.—Corpus Christi–Edinburg 2025, no pet.) (quoting *City of Donna v. Ramirez*, 548 S.W.3d 26, 34 (Tex. App.—Corpus Christi–Edinburg 2017, pet. denied)), but subject-matter jurisdiction, including standing, which is a component of subject-matter jurisdiction, cannot be waived, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993)).

In this case, like in the first forcible-detainer action against Haywood, No Bull presented evidence that it purchased the subject property at a foreclosure sale, that it sent written notice to Haywood to vacate the premises, and that Haywood refused to vacate the premises. Unlike in the first forcible-

detainer action, however, No Bull additionally alleged in this second forcible-detainer action that Haywood had executed a deed of trust that provided that if the subject property was sold at a foreclosure sale, then Haywood would immediately surrender possession of the property to the purchaser at the foreclosure sale or become a tenant at sufferance. Furthermore, a copy of the deed of trust executed by Haywood was admitted as evidence at trial, and, as stated above, section 24 of the deed of trust executed by Haywood provided in pertinent part:

> **If the Property is sold pursuant to this Section 24, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.**

A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant at will or by sufferance. TEX. PROP. CODE ANN. § 24.002(a)(2). Accordingly, unlike in the first forcible-detainer action, the justice court, and the county court at law on appeal, were able to determine the right to immediate possession of the subject property without resolving a title dispute. *Cf. Haywood*, 2023 WL 4940543, at *3–4. Furthermore, No Bull had standing to bring this second forcible-detainer suit. *See, e.g.*, *Bell v. Sun W. Mortg. Co.,* No. 14-22-00229-CV, 2023 WL 3964509, at *2–3 (Tex. App.—Houston [14th Dist.] June 13, 2023, pet. denied) (mem. op.)

(holding that post-foreclosure property owner had standing to bring forcible-detainer suit against tenant at sufferance who refused to surrender subject property after being given proper notice to vacate). The justice court, and the county court at law on appeal, therefore had subject-matter jurisdiction of this suit. *See* TEX. PROP. CODE ANN. §§ 24.004, 24.005107.

For the foregoing reasons, we overrule Haywood's issues and affirm the county court at law's judgment.

_____

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED: June 11, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
CV06

