IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31118
Conference Calendar

_____

ROBERT CARTER,

                                        Plaintiff-Appellant,

versus

CITY OF RAYVILLE; EDDIE GRAHAM;
CAL WHITE,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-81
- - - - - - - - - -

August 27, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Robert Carter appeals from the district court's summary
judgment in favor of the City of Rayville and Eddie Graham in
Carter's civil rights complaint brought pursuant to 42 U.S.C.
§ 1983.  Carter alleged that defendant Cal White had hit him in
the head in a convenience store parking lot.  He alleged that
when he reported the incident to the Rayville police, the police
failed to arrest White.  Carter argued that the defendants

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(White; the City of Rayville; and its police chief, Eddie Graham) were liable to him under § 1983 for the injuries he suffered.

"A claim for relief under 42 U.S.C. § 1983 must contain two elements: 1) that [the plaintiff has] been deprived of a right secured by the Constitution or laws of the United States; and 2) that the defendant acted under color of state law." Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989). State action may be found when there is a sufficient nexus between the state and the action of a private defendant such that the action is "fairly attributable to the state." Id. Only when the state is responsible for the "specific conduct of which the plaintiff complains" is a finding of state action justified. Id. (quotation marks and citation omitted).

Carter's appeal is facially frivolous. The district court did not err in granting the defendants' motion for summary judgment. There was no state action that caused the injuries Carter suffered. Cal White, not a state actor, caused those injuries. That the defendants did not arrest White based on Carter's statement alleging the battery is irrelevant. Carter does not have a constitutionally protected right to have the defendants arrest a person based only on his allegations. Finally, Carter provides nothing beyond his own assertions to support his claim that the city of Rayville's arrest policy is unconstitutional.

Carter's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir.

R. 42.2.  Carter and his attorney are cautioned that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.