**Vivian Church HAYES Plaintiff**

v.

**PACKARD BELL NEC, INC. Defendant**

No. CIV A. 1:99–CV–712.

United States District Court, E.D. Texas, Beaumont Division.

Oct. 12, 2001.

Wayne A. Reaud, Reaud Law Firm, Beaumont, TX, Gilbert I Low, Gary Neale Reger, Orgain Bell & Tucker, Beaumont, TX, L Dewayne Layfield, Beaumont, TX, for Plaintiff.

Lawrence Louis Germer, Germer & Gertz, Beaumont, TX, for Defendant.

## ORDER

COBB, District Judge.

Before the court is Defendant's Motion to Dismiss [Dkt # 21], and the court having reviewed the motion and response on file is of the opinion that the motion be GRANTED.

The plaintiff, Vivian Church Hayes ("Hayes"), a resident of Texas, purchased computers sold and/or manufactured by the defendant that contained floppy diskette controllers ("FDCs") and/or FDC instructions or commands in the form of microcode that were designed, sold, manufactured, transmitted or created by the defendant. The defendant, Packard Bell NEC, Inc. ("Packard Bell"), is a Delaware corporation that previously, but no longer, actively engages in the business of selling computers. Hayes filed this suit, which she seeks to have certified as a class action, in the Eastern District of Texas on November 30, 1999, under the Computer Fraud and Abuse Act (the "CFAA"), 18 U.S.C. § 1030 and with five causes of action: injunctive relief, monetary damages, revocation of acceptance, breach of contract and implied warranties, and declaratory judgment. Packard Bell filed this motion to dismiss pursuant to Fed. R. Civ Pro. 12(b)(6) on May 1, 2001, claiming

Hayes failed to state a claim upon which relief could be granted.

## I. Background

The facts of the case as pleaded by the plaintiff are rather technical, but basically Hayes alleges: Packard Bell designed, manufactured, distributed, and sold computers and almost every one of these computers included an FDC. Hayes contends that Packard Bell's FDCs failed to detect a specific type of error, so that when a computer user went to save material on the computer, the computer, without any warning to the user, corrupted and destroyed the data. Hayes contends that Packard Bell has known about this problem and has failed to rectify it or to warn users of the problem. Finally, Hayes asserts that a properly designed and manufactured FDC detects the error and triggers a program that rewrites the data correctly, so that the user does not lose the information.

## II. Applicable Standard for Rule 12(b)(6)

Rule 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." On motion under Rule 12(b)(6), the court must decide whether the facts alleged, if true, would entitle the plaintiff to some legal remedy. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Dismissal is proper only if there is either (1) "the lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988). Unless a Rule 12(b)(6) motion is converted to a summary judgment motion, the court cannot consider material outside the complaint. *See Powe v. Chicago*, 664 F.2d 639, 642 (7th Cir.1981). The court must accept as true all material allegations in the complaint as well as any

reasonable inferences to be drawn from them. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982). The well-pleaded facts must be reviewed in the light most favorable to the plaintiff. *Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir.1995). A plaintiff, however, must allege specific facts, not conclusory allegations. *Elliott v. Foufas,* 867 F.2d 877, 881 (5th Cir.1989). Conclusory allegations and unwarranted deductions of fact are not admitted as true. *Guidry v. Bank of La-Place,* 954 F.2d 278, 281 (5th Cir.1992). A pleading, however, "need not specify in exact detail every possible theory of recovery-it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Thrift v. Estate of Hubbard,* 44 F.3d 348, 356 (5th Cir.1995) (quoting *Conley,* 355 U.S. at 47, 78 S.Ct. 99). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99; *Kaiser Aluminum,* 677 F.2d at 1050. "'The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Id.* (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1969)).

### III. Analysis

Packard Bell filed this motion to dismiss pursuant to Fed. R. Civ Pro. 12(b)(6) claiming Hayes failed to state a claim upon which relief could be granted. Packard Bell raised several issues as to why the complaint should be dismissed. One of Packard Bell's arguments for dismissal is that Hayes failed to state a claim under 18 U.S.C. § 1030, the CFAA. In order to successfully plead a civil violation under the CFAA, the plaintiff must allege facts that could establish three elements: 1) the knowing "transmission" of a "program, in-formation, code, or command;" 2) the transmission is "to a protected computer;" and 3) the transmission causes intentional "damage without authorization." 18 U.S.C. § 1030(a)(5)(A) (2000).

In a recent decision, Judge Heartfield of the Eastern District of Texas (Beaumont Division) granted summary judgment in favor of the defendant, Compaq Computer Corporation, in a case similar to this one. *Thurmond v. Compaq Computer Corp.,* 171 F.Supp.2d 667 (E.D.Tex.2001). According to *Thurmond,* the damage element of a civil CFAA violation requires the plaintiff to allege/establish that the defendant caused $5000 "damage" to "*a* protected computer." *Id.* at 680 (emphasis in original). The court specifically rejected the plaintiff's argument that the CFAA merely required an allegation that the defendant caused $5000 damage to protected computers in the aggregate. *Id.* at 680.

Hayes, in her response to Packard Bell's motion to dismiss, concedes that she cannot plead or meet the $5000 threshold requirement established in the *Thurmond* opinion. After reviewing the *Thurmond* opinion, the court agrees with Judge Heartfield's analysis of the CFAA and its $5000 threshold. Because Hayes concedes she cannot allege or meet this element of a civil claim under the CFAA, Packard Bell's motion to dismiss is proper as to Hayes' claims based on the CFAA (the First, Second, and Fifth Causes of Action).

In light of the foregoing, the court declines to exercise supplemental jurisdiction over Hayes' remaining state law claims (the Third and Fourth Causes of Action) and dismisses those claims pursuant to 28 U.S.C. § 1367(c) without prejudice for re-filing in the appropriate forum. *See Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir. 1989) ("Ordinarily, when the federal claims are dismissed before trial, the pendent

state claims should be dismissed as well."). It is, therefore,

ORDERED, that Defendant's motion to dismiss is hereby GRANTED.