IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31204
_____

ASTORIA ENTERTAINMENT, INC.,

                                        Plaintiff-Appellee,

                          v.

EDWIN W. EDWARDS, ET AL.,

                                        Defendants,

EDWARD J. DEBARTOLO, JR.; ROBERT GUIDRY;
BOYD KENNER, INC.; LOUISIANA GAMING
ENTERPRISES, INC; BOYD LOUISIANA LLC;
CROWN GROUP, INC.; BOOMTOWN, INC.;
BOYD GAMING, INC.

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
98-CV-3359-K
--------------------
January 7, 2003

Before DAVIS, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Appellants appeal from the determination of the district court that it would not exercise jurisdiction over state law claims after dismissing all of the federal claims.  When a matter is still in the pleadings stages of litigation, the general rule

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is to dismiss pendant state claims if all the federal claims are dismissed. *See McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998)(citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)); *cf. Batiste v. Island Records Inc.*, 179 F.3d 217, 227-28 (5th Cir. 1999) (holding that the district court did abuse its discretion by dismissing pendant state law claims when the case had moved beyond the pleadings, substantial discovery had taken place, and trial was one month away). Here, it is undisputed that no discovery has taken place in this matter and the litigation is still in the pleadings stage. Given these circumstances, we find that the district court did not abuse its discretion. Accordingly, the determination of the district court is AFFIRMED.