United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11452
Summary Calendar

_____

JUAN F. LOPEZ,

Plaintiff - Appellant,

versus

LONE STAR BEEF PROCESSORS LP; JOHN W. CROSS, President,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas, San Angelo Division
District Court Cause No. 04-CV-20

_____

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan F. Lopez appeals from the district court's order of
summary judgment on his claims under the Family Medical Leave Act
(FMLA),[1] Title VII,[2] and the Texas Commission on Human Rights Act
(TCHRA);[3] the dismissal of his claims under the Age

_____

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

[1]29 U.S.C. §§ 2601-2654.

[2]42 U.S.C. §§ 2000e—2000e-17.

[3]TEX. LAB. CODE ANN. §§ 21.001-21.556 (Vernon 1996 & Supp.
2004-05).

1

Discrimination in Employment Act (ADEA)[4] and the Americans with Disabilities Act (ADA);[5] and the district court's decision not to exercise supplemental jurisdiction over his state law negligence claim.

This court reviews the district court's summary judgment and dismissal decisions *de novo*, using the same standards applied by that court.[6] For summary judgment determinations, this court conducts an independent review of the record, taking factual inferences in the nonmovant's favor, and then determines whether the movant is entitled to summary judgment.[7] The movant is entitled to summary judgment if the documentary evidence shows that no genuine issue of material fact exists.[8] For the dismissal of claims under Rule 12(b)(6),[9] the court takes the plaintiff's allegations as true and affirms the dismissal if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.[10] The court reviews the district

---

[4] 29 U.S.C. §§ 621-634.

[5] 42 U.S.C. §§ 12101-12117.

[6] *See Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (stating standard of review for district court's dismissal of claims); *Degan v. Ford Motor Co.*, 869 F.2d 889, 892 (5th Cir. 1989) (setting forth standard of review for summary judgment).

[7] *Degan*, 869 F.2d at 892.

[8] FED. R. CIV. P. 56(c).

[9] FED. R. CIV. P. 12(b)(6).

[10] *Vander Zee*, 73 F.3d at 1368.

court's decision not to exercise supplemental jurisdiction over state law claims for an abuse of discretion.[11]

On October 8, 2004, the district court entered a well-reasoned order that thoroughly justified its grant of summary judgment and the dismissal of claims. After considering Lopez's brief and reviewing the record, this court finds no error in the district court's rulings. Summary judgment was proper on Lopez's Title VII and TCHRA claims because he did not establish a prima facie case of discrimination and failed to produce evidence showing that the defendants' nondiscriminatory reasons for not hiring him were a pretext for intentional discrimination.[12] Summary judgment was proper on Lopez's FMLA claim because he is not an "eligible employee."[13] Dismissal of Lopez's claims under the ADEA and the ADA was proper because he failed to allege that he is a member of an age-protected class[14] or that he suffers from a disability.[15]

---

[11]*Parker & Parsley Petroleum Co. v. Dresser Indus*., 972 F.2d 580, 585 (5th Cir. 1992).

[12]*See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (explaining the plaintiff's burdens in a Title VII lawsuit); *Shackelford v. Deloitte & Touche*, 190 F.3d 398, 404 n.2 (5th Cir. 1999) (explaining that a plaintiff faces the same burdens in a claim under the TCHRA as he does in a claim under Title VII).

[13]*See* 29 U.S.C. § 2611(2)(A) (defining an eligible employee as someone who has been employed for at least 12 months).

[14]29 U.S.C. § 631(a).

[15]42 U.S.C. § 12112(a).

Lopez specifically complains that he was given insufficient time to recuperate from work-related injuries before being required to return to his position as a cattle pusher, and thus, he maintains that the court should have considered his negligence cause of action. The district court, however, was not required to exercise jurisdiction over this state law claim because the court resolved all federal law claims.[16] A district court may use its discretionary powers to dismiss pendent state law claims.[17] "Ordinarily, when the federal claims are dismissed before trial, the pendent state claims should be dismissed as well."[18] The district court did not abuse its discretion by not exercising jurisdiction over Lopez's negligence claim.

For the reasons stated by the district court, the court AFFIRMS the district court's judgment.

AFFIRMED.

---

[16]*Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989).

[17]*Wong*, 881 F.2d at 204.

[18]*Id.*

4