Patricia VILLEGAS, Wayne Resler, Sean May, Sergio Renteria, Elizabeth Wagner aka Liz Wagner, Lilia Perales, Plaintiffs,

v.

EL PASO INDEPENDENT SCHOOL DISTRICT, Defendant.

No. EP–06–CA–00172 KC.

United States District Court, W.D. Texas, El Paso Division.

Dec. 5, 2006.

Michael James Currie, Texas Classroom Teachers Association, Austin, TX, for Plaintiffs.

S. Anthony Safi, Mounce, Green Myers Safi & Galatzan, P.C., El Paso, TX, for Defendant.

---

## ORDER

CARDONE, District Judge.

On this day, the Court considered Defendant El Paso Independent School District's Motion to Dismiss ("Motion"). Having reviewed the record, the Motion (Doc. 16) is hereby **GRANTED**. Plaintiffs Motion for Leave to File Report of Parties' Planning Meeting (Doc. 14) and Defendant's Motion for Protective Order (Doc. 18) are hereby **DENIED** as moot.

## I. BACKGROUND

Plaintiffs are all athletic trainers employed by Defendant El Paso Independent School District. Pls.' Original Compl. ¶ 10. Plaintiffs assert that during the 2004–05 and the 2005–06 school years the school district required them to work in excess of the required 207 days noted on their salary cards without additional compensation. *Id.* They also assert that the school district required them to work on Saturdays and holidays. *Id.* ¶ 12. Overall, Plaintiffs allege that this additional time amounts to thirty (30) days in excess of their required 207 workdays and that the school district's mandating such additional hours is a violation of the Fair Labor Standards Act. *Id.* ¶ 13.

Plaintiffs sue for violations of the Fair Labor Standards Act, 29 U.S.C. § 202 *et seq.* (2006) ("FLSA") and for breach of contract and declaratory relief under Texas law. With regard to their FLSA claim, Plaintiffs seek overtime compensation in amounts between $20,250 and $27,000 per plaintiff. With regard to their breach of contract claims, Plaintiffs seek compensation between $13,500 and $18,000 per plaintiff. *Id.* ¶ 25. Plaintiffs also seek liquidated damages, pre- and post-judgment interest, costs, and attorney's fees. *Id.* ¶¶ 26–32.

With regard to declaratory relief, Plaintiffs seek a declaration from the Court that they are "covered employees" under the FLSA. *Id.* ¶ 23. They also seek a declaration that they are required to only work 207 days per school year and that Saturdays and holidays are not covered workdays under their contract with the school district. *Id.* ¶ 21–22.

## II. DISCUSSION

### A. Standard

Federal courts are courts of limited jurisdiction. *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the United States,* 362 F.3d 333, 336 (5th Cir. 2004). Without jurisdiction conferred by statute, federal courts lack the power to adjudicate claims. *Id.* A party may challenge a district court's subject matter jurisdiction by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). FED.R.CIV.P. 12(b)(1).

A motion to dismiss pursuant to Rule 12(b)(1) must be considered before any other challenge, because a court must have jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994). In ruling upon such motion, a district court is free to weigh the evidence and satisfy itself as to its power over the case. *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.,* 957 F.2d 178, 181 (5th

Cir.1992). In making this ruling, the district court may rely upon: (1) the complaint alone, (2) the complaint supplemented by undisputed facts in the record, or (3) the complaint supplemented by undisputed facts in addition to the court's resolution of disputed facts. *Barrera–Montenegro v. United States Drug Enforcement Admin.,* 74 F.3d 657, 659 (5th Cir.1996).

■ The standard of reviewing a motion to dismiss pursuant to 12(b)(1) depends upon whether the defendant makes a facial or factual challenge to the plaintiff's complaint. *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981). When the defendant makes a facial attack by the mere filing of a Rule 12(b)(1) motion, the trial court looks to the sufficiency of the plaintiff's allegations, which are presumed to be true. *Id.* When the defendant makes a factual attack by providing affidavits, testimony, and other evidence challenging the court's jurisdiction, the plaintiff must submit facts in support of the court's jurisdiction and thereafter bear the burden of proving that the trial court has subject matter jurisdiction. *Middle S. Energy, Inc. v. City of New Orleans,* 800 F.2d 488, 490 (5th Cir.1986).

■■ A motion to dismiss pursuant to Rule 12(b)(6), on the other hand, challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true, and view them in a light most favorable to the plaintiff. *Id.; Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir.2002). A court will dismiss a complaint pursuant to Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *S. Christian Leadership Conference v. Supreme Court of the State of Louisiana,* 252 F.3d 781, 786 (5th Cir. 2001).

**B. Subject Matter Jurisdiction**

■ In this case, Plaintiffs seek relief under the FLSA. As the FLSA is a federal statute, this Court clearly has federal question jurisdiction to hear this claim. 28 U.S.C. 1331; *see Edwards v. Alta Colleges Inc.,* 2005 WL 578333 at \*1 (W.D.Tex. Jan.28, 2005) (finding that the court had subject matter jurisdiction under 28 U.S.C. 1331 to hear claims arising under the FLSA).

With regard to Plaintiffs' state law claims, the Court finds that it has pendent jurisdiction over these claims "as the claims [are] so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. 1367; *see generally United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

**C. Plaintiffs' Claims Under the Fair Labor Standards Act**

■ In its Motion, Defendant argues that Plaintiffs, as athletic trainers in Texas, are clearly exempt employees under the "learned professional" exemption of the FLSA and that therefore the FLSA is inapplicable to them. Def.'s Mot. 3. Specifically, Defendant points to the Department of Labor regulations at 29 C.F.R. § 541.301(e)(8) and the case of *Owsley v. San Antonio Ind. Sch. Dist.,* 187 F.3d 521(5th Cir.1999), *cert. denied,* 529 U.S. 1020, 120 S.Ct. 1423, 146 L.Ed.2d 314 (2000) to buttress this position.

Plaintiffs argue that they fail to meet the duty and salary requirements necessary to be considered "exempt" employees under the FLSA. Pls' Resp. 3–4. They make four arguments to refute the Motion. *Id.* at 2–5. First, they claim that the *Owsley* decision is an old decision and no longer good law. *Id.* at 2. Second, they

attempt to distinguish their situation from that of the athletic trainers in *Owsley*. *Id.* at 3. Third, they argue that the "learned professional" exemption of the Department of Labor regulations does not apply to them. *Id.* at 4–5. Finally, they argue that they do not earn the minimum weekly salary of $455 required under the regulations for the professional employee exemption to apply. *Id.* at 3–4.

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined hours. 29 U.S.C. § 207(a). Section 216(b) creates a cause of action for employees against employers violating the overtime compensation requirements. 29 U.S.C. § 216(b); *Kohl v. Woodlands Fire Dept.*, 440 F.Supp.2d 626 (S.D.Tex.2006). However, the statute creates an exemption from the overtime requirements for employees employed in professional, administrative, and executive positions. 29 U.S.C. 213(a)(1); *Owsley*, 187 F.3d at 523 (citing 29 U.S.C. 213(a)(1)).

The United States Department of Labor has promulgated regulations setting out the requirements of this exemption. *See* 29 C.F.R. § 541.0 (2005). According to the relevant regulations, in order for an employee to qualify under the professional employee exemption, the employee must be compensated with a minimum salary of $455 per week. 29 C.F.R. § 541.300(a)(1). In addition, to qualify for this exemption, an employee must also satisfy a "duty" requirement, which, in the case of the "learned profession" exemption, is comprised of a two-pronged test containing a "learned" prong and a "discretion" prong. *Id.* § 541.301. The Department of Labor has determined that

athletic trainers, as a profession, satisfy the duty requirement under the "learned professional" exemption of the regulations. *Id.* § 541.301(e)(8). By virtue of their occupation, these employees meet both the "learned" and "discretion" prongs. *Id.* Additionally, prior to the inclusion of athletic trainers as a learned profession in the regulations, the Fifth Circuit determined that based upon Texas state licensing requirements and occupational responsibilities, athletic trainers are exempt employees under the learned professional exemption to the FLSA, rendering the FLSA inapplicable to these employees. *Owsley*, 187 F.3d at 524–25, 527.[1]

In an attempt to refute the continuing relevance of *Owsley*, Plaintiffs assert that *Owsley* is "an old case that was rendered prior to the Department of Labor changing the regulations of the Fair Labor Standards Act." Pls.' Resp. 2. Plaintiffs provide no case law, statute or regulation to support their contention that *Owsley* is no longer good law. Aside from their unusual claim that a seven-year-old case is per se suspect, their only argument is that since the time *Owsley* was decided, the Department of Labor has modified the regulations regarding the learned professional exemption. *Id.* at 4; *see* 29 C.F.R. § 541.301(e)(8). While it is true that prior to *Owsley* the Department of Labor took the position that athletic trainers were not considered exempt employees, the regulations modified since *Owsley* now include athletic trainers within the learned professional exemption. *Compare Owsley*, 187 F.3d at 524–25 *with* 29 C.F.R. § 541.301(e)(8). The Department of Labor's decision to include the trainers within the learned professional exemption sup-

---

1. Defendant points out in its Motion that since the time of the *Owsley* decision the educational requirements necessary for athletic trainers to obtain state licensing in Texas have become even more stringent, also reinforcing the continuing applicability of *Owsley*. Def.'s Mot. 4.

ports the ongoing relevance of *Owsley*, rather than undermines it.

Plaintiffs also attempt to argue that they fail to meet the Texas athletic trainer licensing requirements when they argue that "they are not working under the supervision of a physician at practice and other events" as required by Texas Occupational Code § 451.001(3). Pls.' Resp. 5. This argument is unpersuasive. The Fifth Circuit in *Owsley* clearly stated that such supervision was not relevant to the determination of whether an employee is exempt under the FLSA. *Owsley*, 187 F.3d at 525–27. It was, in fact, the absence of regular physician supervision in the trainers' work that led the court in *Owsley* to distinguish athletic trainers from non-exempt Emergency Medical Service employees. *Id.* at 527. And, the absence of physician supervision logically supports the conclusion that these athletic trainers exercise even greater discretion than what is required by *Owsley*, the federal regulations, and the Texas regulations. Since the ability to exercise discretion is one of the prerequisites to determining the applicability of the learned professional exemption, this contention supports the trainers' exemption from the FLSA.

Plaintiffs next baldly assert that their day-to-day responsibilities "do not involve the consistent exercise of discretion and judgment as required by the FLSA regulations." Pls.' Resp. 5. Plaintiffs provide no further discussion in support of this statement. More importantly, the Department of Labor regulations find such discretion implicit in its determination that certified athletic trainers fulfill the duty requirement of the "learned professional" exemption. *See* 29 C.F.R. § 541.301(a)(1); *Id.* § 541.301(e)(8)

Plaintiffs finally present the argument that they do not meet the minimum salary threshold of $455.00 per week required to qualify for a professional exemption. Pls.'

Resp. 3. They claim that they fail to reach this threshold because they are paid nothing for their work on Saturdays and holidays. *Id.* at 4. While it is true that according to 29 C.F.R. § 541.300(a)(1) this weekly minimum salary is necessary to qualify for this exemption, it is clear that Plaintiffs earn much more than the minimum. The fact that they are not paid for their work on holidays and weekends does not impact their weekly pay. According to Plaintiffs' own Exhibits, their salaries range between $212.00 and $290.00 per day of work. Based upon this daily rate, the weekly salaries range from $1,060.00 to $1,450.00 per week surpassing the $455.00 weekly minimum under the regulations. Thus, it is evident that these employees, with *school year* salaries ranging from approximately $44,000 to more than $60,000, earn quite a bit more than the minimum *annual* salary of $23,660 implicit in the regulations.

The Court finds that Plaintiffs, as athletic trainers employed in a Texas school district, are exempt employees under *Owsley* and the Department of Labor regulations. Plaintiffs' attempts to argue that *Owsley* is old law, to distinguish their situation from that of the plaintiffs in *Owsley* and to distance themselves from state and federal regulations fail. Therefore, their claims under the FLSA fail as well.

### D. State Law Claims

■■■ As courts of limited jurisdiction, federal courts adjudicate claims arising under the Constitution and the law and treaties of the United States. 28 U.S.C. § 1331. Plaintiffs filed their complaint in this Court pursuant to the statute governing federal question jurisdiction and the Court found that it had pendent jurisdiction over the related state law claims. Since the Court has concluded that Plaintiffs' only federal claim is subject to dis-

missal, no federal question remains before the Court. Although this alone does not divest the Court of jurisdiction, the Supreme Court has noted that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine, such as judicial economy, convenience, fairness, and comity, all point toward this Court's declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (quoting *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130). Moreover, the general rule in this Circuit is to dismiss state law claims when the federal claims they supplement are dismissed. *Parker & Parsley Petroleum Co. v. Dresser Indust.,* 972 F.2d 580, 585 (5th Cir.1992) (citing *Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir.1989)). The dismissal of the pendent state law claims is expressly without prejudice so that plaintiffs may refile their claims in the appropriate state court. *Bass v. Parkwood Hosp.,* 180 F.3d 234, 246 (5th Cir.1999).

## III. CONCLUSION

For the reasons discussed above, Defendant El Paso Independent School District's Motion to Dismiss (Doc. No. 16) is **GRANTED** without prejudice to Plaintiffs' refiling their state law claims in state court. Plaintiffs' Motion for Leave to file Report of Parties' Planning Meeting (Doc. 14) is **DENIED** as moot, as is Defendant's Motion for Protective Order (Doc. 18).

The clerk shall close the case.

**SO ORDERED.**