Charlene BEELER–LOPEZ

v.

DODEKA, LLC, Putonti & Escover, PC, and Balekian Hayes, PLLC.

Case No. 4:09–cv–489.

United States District Court, E.D. Texas, Sherman Division.

May 7, 2010.

Dennis Robert Kurz, Kurz & Fortas, LLC, Atlanta, GA, Susan Ostermiller Landgraf, Weisberg & Meyers LLC, Austin, TX, for Charlene Beeler–Lopez.

Kelly Gill, McMahon Surovik Suttle Hicks Gill & Cannon, Abilene, TX, John William Escover, Putonti & Escover PC, Austin, TX, Krista Jean Balekian, Law Office of Kris J. Balekian, Dallas, TX, for Dodeka, LLC, Putonti & Escover, PC, and Balekian Hayes, PLLC.

## ORDER

AMOS L. MAZZANT, United States Magistrate Judge.

Pending before the Court is Defendant Balekian Hayes, PLLC's Motion to Dismiss Pursuant to FRCP 12(b)(6) (Dkt.# 34). Having considered the relevant pleadings, the Court hereby grants Defendant's motion.

## BACKGROUND

Putonti & Escover, PC, filed an action on behalf of Dodeka, LLC in the Justice Court of Dallas County, seeking to collect a debt from Charlene Beeler–Lopez. Charlene Beeler–Lopez ("Plaintiff") then sued both parties in this court, alleging that they filed the debt collection action in the wrong venue, in violation of the federal Fair Debt Collection Practices Act and other state laws. Balekian Hayes, PLLC ("Defendant") took over as counsel in the original debt collection suit, and Plaintiff amended her complaint to include them as a defendant in this case. Defendant challenges the legal sufficiency of Plaintiff's federal claim, and asks the Court to dismiss the state law claims for lack of jurisdiction.

## STANDARD

### Pleading Requirements under Rule 8(a)(2)

The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement ... showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

In *Iqbal*, the Supreme Court highlighted two principles that help to assess the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. *Id.* at 1949–50. First, the Court identifies conclusory legal allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Id.* at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

## ANALYSIS

### Fair Debt Collection Practices Act

Congress enacted the Fair Debt Collection Practices Act ("FDCPA") "to elimi-

nate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e) (2006). The venue provision of the FDCPA requires that:

> Any debt collector who brings any legal action on a debt against any consumer shall ... bring such action only in the judicial district or similar legal entity—
> (A) in which such consumer signed the contract sued upon; or
> (B) in which such consumer resides at the commencement of the action.

*Id.* § 1692i(a)(2). Plaintiff alleges that Defendant violated this venue provision by bringing a legal action against her in Dallas County, which she alleges does not qualify under either subsection of the venue provision. In its motion, Defendant does not argue that Dallas County was a proper venue under the statute. Instead, Defendant argues that it could not have violated the statute because it substituted as counsel after the filing of the lawsuit, and therefore, did not "bring" the action. *Id.* It merely took over the action after the alleged violation occurred.

Plaintiff responds that various dictionaries have defined the word "bring" more broadly to mean: "to carry, convey, conduct, or cause"; "to cause to come into a particular state or condition"; and to "lead or conduct." (Pl.'s Resp. 8 (quoting *Random House Dictionary* (2010)); *Merriam–Webster Dictionary* (2010); *Oxford English Dictionary* (2d ed. 1989)). This broad definition of "bring" could encompass Defendant's action in continuing to pursue the case in the wrong venue. Plaintiff also argues that Defendant's interpretation conflicts with the purpose of the statute and creates a loophole, allowing attorneys to circumvent the FDCPA by "handing off unfair and improper litigation to each other." (Pl.'s Resp. 12.)

■ While the word "bring" by itself can have a broad meaning, the statute refers to the bringing of a legal action. The Court finds that to "bring an action" means "[t]o sue; institute legal proceedings." *Black's Law Dictionary* (8th ed. 2004). Defendant did not sue or institute any legal proceedings against Plaintiff and therefore, according to this definition, did not violate § 1692i.

■ This result does not conflict with the purpose of the venue provision. "In enacting the provision, Congress was concerned about consumers having to defend against suits in 'distant or inconvenient' courts." *Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507, 1515 (9th Cir.1994) (quoting S.Rep. No. 382, 95th Cong., 1st Sess. 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699). Once the debt collector sues in the wrong venue, the consumer must defend, and the damage is done. *See Oglesby v. Rotche,* No. 93–C–4183, 1993 WL 460841, at *10 (N.D.Ill. Nov. 5, 1993) (holding that a violation of § 1692i is "in the nature of a statutory tort which is completed upon the filing of an action in an improper venue"). The consumer can then request a transfer to an appropriate venue and file an action against the debt collector for actual damages and any related costs and attorney's fees. *Id.* § 1692k. However, if the consumer does not move for transfer, the statute does not require the debt collector to do so. *See Parkis v. Arrow Fin. Servs., LLS,* No. 07–C–410, 2008 WL 94798, at *8 (N.D.Ill. Jan. 8, 2008) (holding the fact that debt collector "deliberately decided to proceed with a suit in the wrong venue ... [and] did not take corrective action even after it learned of its error" did not create cause of action); *cf. McNeill v. Graham, Bright & Smith, P.C.,* No. Civ.A. 3:04–CV–1484K, 2006 WL 1489502, at *2 (N.D.Tex. May 26, 2006) (FDCPA venue provision only applies to "filing a lawsuit in a distant

forum," not other legal actions, like the filing of a counterclaim).

Nor has Plaintiff explained how this creates a loophole for debt collectors or how debt collectors can "subvert the FDCPA" by having a first attorney file the case in the wrong venue and then hand the case off to a second attorney. (Pl.'s Resp. 12.) The first attorney would be liable for any violation of § 1692i, and Plaintiff has not given any reason to hold the second attorney vicariously liable for any wrongdoing by the first. Therefore, because Defendant took over the case after the alleged violation occurred, the Court finds Plaintiff has failed to state a cause of action for violation of § 1692i against Defendant.

Next, Plaintiff asserts that Defendant violated § 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff argues that Defendant "threat[ened] to take [an] action that cannot legally be taken," in violation of § 1692e(5), by continuing to pursue the lawsuit in the wrong venue. *Id.* § 1692e(5). According to Plaintiff, if the statute forbids filing suit in Dallas County, then continuing suit in that venue is threatening an action that cannot legally be taken. However, as already discussed, the Court finds that any violation of the FDCPA's venue provision occurs when the suit is brought. If the consumer does not object to venue, then merely continuing to pursue the action is not a violation. *Parkis*, 2008 WL 94798, at *8. Thus, Plaintiff has failed to state a valid claim for violation of § 1692e against Defendant.

Similarly, Plaintiff alleges violations of § 1692d, which prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and § 1692f, which

prohibits "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692d, f Plaintiff's argument is that the natural consequence of continuing to pursue the suit in an inconvenient venue was to harass, oppress, or abuse Plaintiff and that such actions are unfair or unconscionable. However, the "natural consequence" of continuing to pursue the lawsuit is simply for the court to resolve the issue, not to "harass, oppress, or abuse." *See Kelly v. Great Seneca Fin. Corp.*, 443 F.Supp.2d 954, 960 (S.D.Ohio 2005) (finding no § 1692d violation as a matter of law because the "natural consequence" of a lawsuit is "to bring the issue to the court for resolution"). Likewise, merely continuing to pursue the suit is not "unfair or unconscionable." The statute provides Plaintiff a full remedy against the attorney who filed suit for any damages suffered due to the inconvenient venue and any costs and fees associated with a motion to transfer to the proper venue. *See* 15 U.S.C. §§ 1692i, k. Plaintiff apparently chose not to file such a motion. Having chosen to remain in that venue, Plaintiff cannot now accuse Defendant of acting unfairly or unconscionably for continuing to pursue suit therein. Thus, the Court finds that Plaintiff has failed to state a claim against Defendant for violations of §§ 1692d and 1692f.

### State Law Claims

■ Plaintiff also asserts various state law claims against Defendant. However, having dismissed Plaintiff's federal claims against Defendant, the Court must decide whether to continue to exercise supplemental jurisdiction over the state claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [claim when] ... the district court has dismissed all claims over which it has original jurisdiction.") "[W]hen the federal-law claims

have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (citing *Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Such is the case here, and Plaintiff has not presented any reason for the Court to depart from the Fifth Circuit's "general rule [ ] to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Indus.,* 972 F.2d 580, 585 (5th Cir.1992) (citing *Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir.1989)). Therefore, the Court declines to exercise jurisdiction over Plaintiff's state law claims against Defendant.

### CONCLUSION

It is therefore ORDERED that Defendant Balekian Hayes, PLLC's Motion to Dismiss Pursuant to FRCP 12(b)(6) (Dkt. # 34) is hereby GRANTED.

It is further ORDERED that Plaintiff's claim of violation of the FDCPA against Defendant Balekian Hayes is DISMISSED with prejudice, and Plaintiff's state law claims against Defendant Balekian Hayes are DISMISSED without prejudice.