# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2025

Lyle W. Cayce
Clerk

No. 25-20079

_____

Blessing Nwosu,

*Plaintiff—Appellant*,

*versus*

1600 West Loop South, L.L.C.; Landry's, L.L.C., *doing business as* Post Oak Hotel; Jane Doe,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-4016

_____

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

At issue is whether the district court erred by granting summary judgment to 1600 West Loop South, LLC, against Blessing Nwosu's 42 U.S.C. § 1981 claim; and, it seems (as discussed *infra*), by declining to exercise supplemental jurisdiction over her two state-law claims (assault and intentional infliction of emotional distress). AFFIRMED.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20079

I.

The following recitation of facts is based on the summary-judgment record, containing, *inter alia*:  Nwosu's deposition transcript; defendant's employee's declaration; defendant's property guidelines and dress code; and photographs attached to the parties' summary-judgment filings.

1600 West Loop South, LLC, is the sole owner and operator of The Post Oak at Uptown Houston (Hotel), including the Bloom & Bee restaurant (B&B) inside the Hotel.  The Hotel is the only five-star hotel in Houston, Texas.  It maintains property guidelines on its public website, stating, *inter alia*:  "a strict dress code is always enforced in public areas including the lobby level and venue outlets"; "[e]xcessive revealing attire in these areas will result in expulsion from the property"; and "[b]usiness casual attire [is] required in the lobby and public areas after 6:00 pm".

B&B is one of six dining-and-drinking establishments at the Hotel and purports to provide a luxurious, family-friendly environment. Its dress code—also available online—is "family friendly" from open until 6:00 p.m., and "business casual" from 6:00 p.m. to close.  B&B trains its employees to enforce the dress code based on the "totality of the outfit".

If a guest's clothing is not in compliance with the dress code, B&B staff are instructed to provide them a shawl to wear.  If a guest refuses to do so, the guest has the option to dine at one of the other restaurants at the Hotel with a more relaxed dress code.

Nwosu, a black female, and her friends, also black females, gathered at B&B for a birthday celebration on 24 May 2023.  They arrived around 2:00 p.m. and were seated upon arrival.  Minutes later, Dunmore, a hostess at B&B and also a black female, quietly approached Nwosu and placed a shawl on her shoulders and back.  She informed Nwosu her attire was too revealing under the restaurant's dress code.  Nwosu did not complain or

otherwise raise concerns about the shawl or the dress-code's enforcement that afternoon. She and her friends had dinner and were in the restaurant for about four-and-a-half hours. This was Nwosu's third meal at B&B.

Nwosu filed this action on 20 October 2023, claiming: race discrimination under 42 U.S.C. § 1981; and intentional infliction of emotional distress under Texas law (based on B&B's alleged "outrageous and utterly intolerable" conduct of placing shawl on her). She named as defendants: 1600 West Loop South, LLC; Hospitality Headquarters, Inc.; and Landry's, LLC, d/b/a the Hotel. She then filed her First Amended Complaint, raising, in addition to her original claims: under 42 U.S.C. § 1983 for race discrimination; and assault under Texas law (based on B&B's hostess' touching, placing shawl on, her). She also added "Jane Doe"—the individual who did so—as a new defendant. Hospitality Headquarters, Inc., and Landry's, LLC, were later dismissed. One of two remaining defendants, 1600 West Loop South, LLC (B&B), filed for summary judgment.

The district court granted B&B's motion on 21 February 2025, concluding: Nwosu "utterly fail[ed]" to defend her claim under § 1983 in response to B&B's motion and did not plead the existence of a requisite state actor; and her § 1981 claim failed because she could not show her alleged discrimination concerned one or more enumerated activities in the statute. The court then dismissed: her state-law claims without prejudice, because she had no surviving federal-law claims; and Jane Doe, for failure to timely serve.

## II.

Nwosu contends the district court erred by: concluding her alleged discrimination did not concern an enumerated activity under § 1981; and declining to retain her state-law claims following dismissal of her federal-law claims (as noted, the confusion about this claim is discussed *infra*). B&B

counters that: she fails to show the denial of a cognizable right under the parties' dining contract; and the court properly dismissed her state-law claims without prejudice.

As an initial matter, and as the district court noted, Nwosu did not defend her claim under § 1983 in response to B&B's summary-judgment motion. Moreover, she does not raise it on appeal. Accordingly, she abandons it. *E.g.*, *Rollins v. Home Depot USA*, 8 F.4th 393, 397–98 (5th Cir. 2021).

## A.

Turning to Nwosu's § 1981 claim, she contends B&B's dress code was enforced in a discriminatory manner, "subject[ing] her to rudeness, assault, and an unreasonably hostile atmosphere".

"We review a grant of summary judgment *de novo*, applying the same standard as the district court." *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021) (citation omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Dyer v. Hous.*, 964 F.3d 374, 379 (5th Cir. 2020) (citation omitted). "A fact is material if its resolution could affect the outcome of the action." *Id.* (citation omitted).

Plaintiff may prove a discrimination claim under § 1981 with either direct or circumstantial evidence. *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 507 (5th Cir. 2024). Where, as here, only circumstantial evidence of race discrimination is offered, our court applies the burden-shifting framework provided in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). *E.g.*, *Hager v. Brinker Tex., Inc.*, 102 F.4th 692, 699 (5th Cir. 2024). Under that standard, plaintiff has the initial burden of establishing a *prima*

*facie* case of race discrimination. *Id.* The burden then "shifts to . . . defendant to produce evidence of a legitimate, non-discriminatory reason for its conduct". *Id.* If defendant succeeds, "the burden shifts back to . . . plaintiff to show that this proffered reason is merely pretext for discrimination". *Id.* For the following reasons, Nwosu fails to establish a *prima facie* case of discrimination. Therefore, we do not reach the *McDonnell-Douglas* burden-shifting steps. *See id.*

To establish a *prima facie* case of discrimination under § 1981, plaintiff must show "(1) that she is a member of a racial minority; (2) that [defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute". *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001).

The district court's decision rested solely on the third element of a *prima facie* case under § 1981, and the parties do not contest the court's conclusion on the other elements. Accordingly, we address only whether Nwosu's alleged discrimination concerns one or more enumerated activities under § 1981. It does not.

Plaintiff's loss must be "an actual, not speculative or prospective, contract interest". *Id.* Moreover, "Section 1981 does not provide a general cause of action for race discrimination". *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003). "Rather, it prohibits intentional race discrimination with respect to certain enumerated activities." *Id.* These activities include: "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship". 42 U.S.C. § 1981(b).

In the restaurant context, the contractual relationship "continues over the course of the meal and entitles the customer to benefits in addition to the meal purchased". *Arguello*, 330 F.3d at 360. It encompasses "more

than simply the purchase of food", including "related 'benefits, such as utensils with which to eat the food, access to the restrooms, and the opportunity to consume the meal without exposure to harassment rising to the level that would force the patrons to leave the restaurant'". *Hager*, 102 F.4th at 700 (quoting *Dunaway v. Cowboys Nightlife, Inc.*, 436 F. App'x 386, 392 (5th Cir. 2011)).

"[A] restaurant patron's right to finish her meal is not absolute", however. *Dunaway*, 436 F. App'x at 392. "If she violates the policies of the restaurant in some way, she may be forcibly removed even before she has the chance to complete her meal". *Id.* ("Although unpublished cases from this court rendered after [1 January 1996] . . . are not controlling precedent, they may be considered persuasive authority." *United States v. Johnson*, 619 F.3d 469, 473 n.3 (5th Cir. 2010); *see* 5TH CIR. R. 47.5.4.) Even when a restaurant's policies are listed on its website, patrons are bound by those terms if provided notice. *See King v. Baylor Univ.*, 46 F.4th 344, 358–59 (5th Cir. 2022).

Nwosu admits she was aware of B&B's business-casual dress code before dining, and she does not assert denial of any cognizable benefit under § 1981. *See Arguello*, 330 F.3d at 360; *Dunaway*, 436 F. App'x at 392–93. Rather, she concedes her waitress: was not rude; did not refuse her service; and provided her with silverware for her meal.

Moreover, the alleged discrimination did not "ris[e] to the level that would force [her] to leave [B&B]". *Hager*, 102 F.4th at 700 (citation omitted). To the contrary, she dined and otherwise remained for nearly four-and-a-half hours after she was requested to wear a shawl. Accordingly, her alleged discrimination does not concern an enumerated activity under § 1981.

No. 25-20079

## B.

For her other issue, Nwosu contends, in her opening brief, that the district court erred in declining to exercise supplemental jurisdiction over her state-law claims after dismissing her federal-law claims. In her reply brief, however, she asserts her state-law claims should be revived only if her federal-law claims are reinstated. In any event, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over her state-law claims. *See Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989) (noting abuse-of-discretion standard); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (noting court's declining supplemental jurisdiction in such cases is "purely discretionary").

## III.

For the foregoing reasons, the judgment is AFFIRMED.